PERRYMAN *et al., Plaintiffs in Error*, v. BETHUNE, *Clerk of County Court.*

1.  **Schools**: ORGANIZATION OF DISRITCTS OUT OF UNORGANIZEED TERRI-TORY : SECTION 7022.   Section 7022 of the Revised Statutes of 1879, only authorizes the creation of school districts out of territory which has not been previously organized for the same purpose.

2.  ———— : ————.   The act of February 27, 1851 (Laws, p. 118), and amendatory act of December 18, 1863 (Laws 1863-4, p. 213) incorporate the "Wolf Island Educational Society," but do not incorporate the inhabitants of any particular territory for school purposes, and for anything contained in said acts the territory embraced in township 24, range 17, in Mississippi county, can be organized under Revised Statutes, section 7022.

3.   ——— : NAME OF DISTRICT. Section 7021, Revised Statutes, contemplates that the school districts shall be designated by the true township and range.

4.   ——— : CREATION OF DISTRICT: JURISDICTION. Section 7022, Revised Statutes, confers the right to call the first meeting for forming unorganized territory into a school district upon three resident tax payers of the territory so to be organized ; these qualifications are jurisdictional, and persons not possessing them have no power to call the meeting, and the qualified voters are not bound to respond to notices given by persons other than resident tax payers.

5.   ——— : ——— : ——— : NOTICE. Proper notices, given by qualified persons, are conditions precedent to the creation of school districts under the general law, and when their corporate existence is put in issue, it is proper to inquire whether these conditions have been complied with, and evidence is admissible to show that the persons giving the notices, or any of them, were not tax payers.

6.   ——— : NOTICE OF CREATION OF SCHOOL DISTRICT. Notices for the, creation of a school district, under Revised Statutes, section 7022, which appear and purport to be made and posted by persons who did not reside in the territory to be organized, are void.

*Error to Mississippi Circuit Court.*—HON. J. D. FOSTER, Judge.

REVERSED.

*F. P. Wright* and *H. C. O'Bryan* for plaintiffs in error.

(1) The territory proposed to be organized had already been organized under acts of February 27, 1851, and December 18, 1863 (Laws 1851, p. 19 ; Laws 1863, p. 213), as "Wolf Island Educational Society," and could not be organized under Revised Statutes, section 7022, which provides for the organization of unorganized territory.   (2) The notices stated the object of the meeting was to organize a school district in range sixteen, and were of no validity.   The court erred in ordering said county clerk to extend the tax for any amount, and thus constituting itself a board of assessment.   This proceed-

ing, by injunction, is the proper remedy to test the validity of said tax.    *Overall v. Ruenzi*, 67 Mo. 203.

*Wade, Boone* and *Dennis* for defendant in error.

BLACK, J.—Plaintiff brought this suit for himself and all other persons similarly situated to restrain the defendant, the county clerk of Mississippi county, from extending a school tax of sixty-five cents on the one hundred dollars valuation upon property situate in what is claimed to be district No. 1, township 24, range 17, in that county. The court adjudged the tax to be bad in part and good in part, directed the clerk to extend the tax at the rate of forty cents and enjoined the excess. From this decree the plaintiff appealed.

1. Section 7022, Revised Statutes, contemplates the creation of school districts only where the territory has not been previously organized for the same purposes; still the claim made by the appellant that the inhabitants of this territory were previously incorporated for school purposes by the act of February 27, 1851 (Acts, p. 118), and the amendatory act of December 18, 1863 (Acts 1863-4, p. 213), cannot be sustained. Those acts do incorporate the "Wolf Island Educational Society," but they do not undertake to incorporate the inhabitants of any particular territory whatever. We see nothing in them which can be said to organize the township and range in question for school purposes. School districts may, therefore, be created under the general laws within that territory.

2. The attempt to organize the district in question was made in 1880, and the tax in question is the tax for that year. The record shows that on the third of March, 1880, three persons made and posted notices for a meeting of the qualified voters of a part of township 24, range 16 (not 17) for the purpose of organizing a school district, giving a general description of the territory to-

be created into a district, and stating that the meeting would be held on the eighteenth of March, 1880. These persons describe themselves in the notices as qualified voters and residents of township 24, range 16. The resolutions passed at the meeting show the organization of a district for the same township and range, and the subsequent proceedings, including the estimate made by the directors of the money necessary to sustain a school for six months, the enumeration list, and the list of resident tax payers, were all made out in the same way. The trial court either regarded these notices for the first election as sufficient, or held that the state alone could question the corporate existence of the school district. Evidence offered that the persons who signed the notices were not tax payers, was also excluded.

Section 7021, Revised Statutes, 1879, evidently contemplates that the district will be designated by the true township and range. The subsequent section reads as follows: "Whenever there shall be in this state any territory not organized into a school district, any three resident tax payers of such territory may call a meeting of the qualified voters of such part thereof as they desire to organize into a school district by first giving fifteen days' notice of the time, place and object of the meeting by written or printed hand bills posted in five public places in the territory proposed to be organized. The qualified voters, when assembled, shall organize such territory into a school district by the approval of a plat defining the boundaries thereof, and by the election of directors." The statute, it will be seen, confers the right to call the first meeting upon three resident tax payers of the territory proposed to be organized into a district. These qualifications are jurisdictional in their nature. Persons not possessing them have no power to call the meeting, and the qualified voters are not bound to respond to notices given by persons other than resident

tax payers.    For reasons deemed best by the legislature the right and power to bring the voters together is given alone to those who must support the school.   It was competent to show, and evidence should have been admitted to show, that these persons, or any of them, were not tax payers.   Proper notices given by qualified persons are conditions precedent to the creation of these corporations under the general law.    Whether these conditions have been complied with is a proper subject of inquiry when the corporate existence is put in issue.    *Hopkins v. Railroad*, 79 Mo. 98.

Again, the notices given in this case were void, for they appear and purport to be made and posted by persons who did not even reside in the township and range. It follows that the judgment must be reversed and the cause remanded, and as the notices were insufficient and void the trial court will enter up a decree to the full extent of the prayer of the petition.   All concur.