THE STATE ex rel. BALCH, Appellant, v. FRY et al.

### Division One, February 15, 1905.

1. **STATUTES: Amendment: Construction.** Where an amendment to a statute consists of a single explicit provision on a given subject the rule of construction is that the explicit provision on the given subject does not of itself prove that the law was different before; it may have been made in affirmance of the law and to remove doubts.

2. **SCHOOL DISTRICTS: Created Out of City District.** A legally organized country school district cannot be created out of territory comprised within the limits of a village school district under the provisions of section 9747, R. S. 1899, which provides that "whenever any school district is divided by a county line, and a majority of the qualified voters residing in either fractional part thereof may desire to attach themselves to an adjoining district within their own country, or form a separate district, they shall hold an election." etc. That section was an amendment to the article in reference to rural districts, and, according to the rule of construction, cannot be made to apply to city, town or village school districts, provisions for the organization of which are found in another article.

Appeal from Newton Circuit Court.—*Hon. H. C. Pepper,* Judge.

REVERSED.

*R. J. Balch* and *O. L. Cravens* for appellant.

The whole law in regard to school districts is treated in chapter 154 in four different articles. The provisions of each several article relate to a different class of districts. Thus, the provisions of article one are intended to relate only to the government of country districts, while the second article relates only to school districts of towns, villages and cities, and so on. It is a logical proposition which can not be successfully refuted, that if the courts apply to a village

district the restrictive provisions, whereby any of its franchises or privileges may be abridged or taken away, of any of the other articles of this chapter, then to that extent its corporate rights are invaded. If the provisions of the article governing country school districts can be construed to apply to the articles governing village districts, then, with equal show of reason, can it be urged that the article governing manufacturing and business companies has some sections in the article concerning banks which would apply. This would be absurd. But it may be urged that section 9747, which defendants claim authorized the division of the village district, uses the broad language "whenever any school district" shall be divided by a county line, etc. Does this authorize the court to apply it indiscriminately to a school district organized under any one of the four articles? We think not. In the first place, in order to determine the meaning of the section we should read it in the light of the other sections *in pari materia,* and when this is done we are readily convinced that, general though the words are, the section applies only to country school districts. In the second place, it is apparent from the whole scheme of the section that it was not intended to apply to city or village districts, because it contemplates that the vitality of the original district should not be affected; but we find here that the life of the village district is taken away because no village is left in the district, and this must be the result following in case of any other district similarly situated. In the third place, that the section was intended to apply only to country districts is made to conclusively appear, notwithstanding the general words with which the section begins, by the ninth and tenth lines of the section, where provision is made for notifying the district clerks of the districts interested in the result of the election. In the case at bar no district clerk could be notified of the result, because a village district had

no clerk. It had only a secretary. Sec. 9864; State ex rel. v. Marshall, 48 Mo. App. 560.

*John T. Sturgis* for respondents.

The policy of our law has been steadily against the maintenance of school districts partly in one county and partly in another. The reasons are too obvious to need mentioning. The section of the statute giving the voters in either fractional part the unrestricted right to terminate the dual county district with its many inconveniences was first enacted in 1874. Laws 1874, p. 152. In the revision of 1889 (sec. 7976), this section was so amended as to prohibit the formation of new districts divided by county lines except in one specified case; and so the law remains to this day. That the language of said section 9747 is broad enough and does embrace village as well as country school districts, must be conceded. The language is, ''whenever any school district or districts shall be divided by county lines'' the voters of either fractional part may call a meeting and form a new district or join a district wholly in their own county. Why restrict this to one class of districts only? The article in which it is found, article 1, chapter 154, is entitled ''Public Schools.'' That such article is designed to and does contain the general law relative to all public schools is apparent from a reading of the same. The next article merely provides for the organization of village schools and confers some additional powers and privileges peculiar to such districts, leaving the general laws contained in the first article applicable to them. Secs. 9866 and 9860, R. S. 1899. There are but twenty sections in article 2. All the laws applicable to school districts in general, without any reference to the peculiar character of the district, are found in article 1. Why then should it be said that this section providing for a division on county lines is applicable to country districts alone? The answer of relator is that article

2 contains a section (9865a, Laws 1901, p. 246) which provides a special manner for disorganizing village districts. It will be observed, however, that this last section has been on the statute books only three years, while the section in question has been part of the school law for thirty years. Nothing was repealed by this later section, and it does not purport to take the place of any prior law. It has nothing to do with the division of districts divided by county lines, but was enacted for a wholly different purpose. It simply, provides a method by which any village district even wholly in one county may abandon its village organization and adopt the country district organization. The results to be accomplished by the two sections are wholly different and the method of procedure is wholly different. Under it the fractional part in one county is powerless to act without the concurrence of two-thirds of the whole district.

BRACE, P. J.—This is an appeal from a judgment of the circuit court of Newton county in favor of respondents, in a proceeding by *quo warranto* against them, instituted in said court by the prosecuting attorney of said county, to oust them from the office of director of a school district in said county, designated as "School District No. 8, Township 24, Range 30, of Newton county."

The salient facts are, that in 1895, a village school district was duly organized as the school district of Stella, consisting of territory partly in Newton and partly in McDonald counties, in about equal proportions, the village of Stella being near the boundary line in that portion of the district in Newton county. In the district there are about seventy legal voters, and one hundred and fifty school children of school age. Of the voters about thirty-eight, and of the school children about ninety, are resident on the Newton county side of the line, and the remainder on the Mc-

Donald county side.   As thus organized, this village school district has ever since continued to exist and perform its functions.

On the twentieth of May, 1902, twenty-two of the legal voters of said district resident on the Newton county side of the line inaugurated proceedings to form a new and separate school district to be composed of that part of said village school district of Stella, situate in the county of Newton, under section. 9747, Revised Statutes 1899, by which it is provided that: "Whenever any school district or districts shall be divided by county lines, and a majority of the qualified voters residing in either fractional part thereof may desire to attach themselves to an adjoining district within their own county, or form a separate district, they shall hold an election for that purpose, first giving fifteen days' notice by posting up printed or written hand bills in five of the most public places in such fractional district, stating the time, place and object of the election; and if a majority of the votes cast at such election be in favor of uniting themselves to an adjoining district in their own county, or forming a separate district, they shall notify the district clerks of the districts interested of the result of the election," etc., etc.

It is contended for the respondents that these proceedings culminated in the creation of the school district in question as a legally organized school district of which they are the legal directors.

This the relator denies for two reasons: First. Because a legally organized country school district could not be created out of territory comprised within the limits of a village school district under the provisions of said section; and second, if it could, the district in question was not so created, for the reason that the requirements of that section were not complied with.

If the relator's first position is maintained there

will be no necessity to pursue the inquiry further.

The organization of school districts in this State is provided for by chapter 154, Revised Statutes 1899.

*Article* 1, of that chapter, in which section 9747 is contained, provides for the organization of subdistricts, or what is generally known as country school districts.

*Article* 2, for the organization of city, town and village school districts.

*Article* 3, for the organization of school districts in cities of more than 50,000 and less than 300,000 inhabitants, and *article* 4, for the organization of school districts in cities with 300,000 inhabitants or over.

The respondents' contention is that the general words "any school district" as used in section 9747 of article 1 embrace village school districts as well as county school districts? We do not think this contention can be maintained.

It is a canon of interpretation that "all words, if they be general and not express and precise, are to be restricted to the fitness of the matter. They are to be construed as particular if the intention be particular; that is, they must be understood as used in reference to the subject-matter in the mind of the legislature, and strictly limited to it." [Endlich, Int. of Stat., sec. 86.] "It is indispensable to a correct understanding of a statute to inquire first what is the subject of it." [2 Lewis's Suth. on Stat. Con. (2 Ed.), sec. 347.]

The subject of section 9747 of article 1 and of the sections preceding it is distinctly stated in section 9739, the first section of that article, to be "all subdistricts, as organized and bounded," i. e., country school districts, and under the canon of construction aforesaid the words "any school district" in section 9747 must be limited to country school districts, whose organization was alone provided for in article 1, and not to village school districts whose organization was

provided for in article 2, unless it appears by other legislation that such was not the legislative intent.

The law on this subject as embodied in these two articles has been upon the statute books of this State in its present form since 1879. [R. S. 1879, ch. 150.] In 1901, an act was passed amending article 2 by adding a new section thereto to be known as section 9865a, by which it was provided that a village school district might be disorganized in the manner therein provided, and thereafter might be organized into a country school district under article 1. [Laws 1901, p. 246.] This act was in force when the proceedings in question were had, but was wholly disregarded, and no steps whatever were taken thereunder to disorganize the village school district of Stella, and that district remained, as before, the only legally organized school district in the territory attempted by those proceedings to be organized into a country school district by the name of School District No. 8, township 24, range 30 of Newton county.

But it is contended for respondents, that, as by an act "approved March 5, 1903" (Laws 1903, p. 265), which went into effect after these proceedings were had, section 9747 of article 1 was amended by inserting the words, "organized under this article" between the words "districts" and "shall" in the first line of said section, thus specifically limiting its operation to districts organized under article 1, it is to be inferred that the Legislature was of the opinion that theretofore it did apply to districts organized under other articles of said chapter, and this amendment is to be considered as a legislative interpretation of that section. But this inference is unwarranted. The amendment consisted of a single explicit provision on a given subject, and in such cases the rule is "that an explicit provision on a given subject does not of itself prove that the law was different before; it may have been made in affirmance of the law and to remove doubts."     [2

Lewis' Suth. on Stat. Con. (2 Ed.), sec. 495.] And such was evidently the purpose of this amendment. Moreover, it is the province of the courts and not of the Legislature to construe the law. We think it is manifest upon the face of the statute that the attempted organization of that part of the territory of the village school district of Stella in Newton county into a country school district by the name of School District No. 8, township 24, range 23, of Newton county, was without warrant of law, and that such district has no legal existence. Hence, the circuit court erred in refusing to oust the respondents from the office of directors thereof; its judgment will be reversed and judgment of ouster against them will be entered here.

All concur.