GEORGE WILLIAMS, Administrator, Appellant, v.
C. J. HARRISON, Respondent.

#### Kansas City Court of Appeals, February 1, 1909.

**INJUNCTION: Statute: Adequate Remedy: Replevin.** The stat-
ute gives an injunction for any legal wrong whatever whenever
in the opinion of the court an adequate remedy cannot be af-
forded by an action for damages. *Held*, this means an action
for damages as such and not an action in replevin; and the pe-
tition summarized in the opinion contains ·sufficient to au-
thorize an injunction.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,*
Judge.

REVERSED AND REMANDED.

*Perkins* and *Blair* for appellant.

The amended petition states a good cause of action
in equity for the following reasons: *First.* Because
appellant has no adequate remedy at law and is there-
fore entitled to maintain injunction. R. S. 1899, sec.
3649; Turner v. Stewart, 78 Mo. 480; Bank v. Kerche-
val, 65 Mo. 682; Towne v. Bowers, 81 Mo. 49; Jones v.
Williams, 139 Mo. 37; Keetin v. Spradling, 13 Mo. 321;
Holland v. Anderson, 38 Mo. 55; Corby v. Bean, 44 Mo.
379; Real Estate Co. v. Collonious, 63 Mo. 290; Nelson
v. Betts, 21 Mo. 219; Jordon v. Harrison, 46 Mo. 172;
McCullom v. Boughton, 132 Mo. 601; McGregor v. Pol-
land, 66 Mo. App. 324; Hagan v. Bank, 182 Mo. 319;
Trimble v. Wollman, 71 Mo. App. 467; 1 Pomeroy's
Eq. Juris., par. 236, cases cited; High on Injunctions
(2 Ed.), par. 400; Young v. McCormick, 6 Fla. 368;
McDunn v. Des Moines, 34 Ia. 467. *Second.* Because
appellant is entitled to have the damages ascertained
and credited on the debt and on payment of the balance
have the note and mortgage cancelled and surrendered.

This being so, appellant is entitled to the equitable remedy of cancellation. The remedy of cancellation is properly classed in the exclusive jurisdiction of equity, since it is a remedy which equity courts alone are able to confer. Pomeroy's Equity Jurisprudence, 138; Harrington v. Utterback, 57 Mo. 520; Stewart v. Caldwell, 54 Mo. 539; 6 Cyc., pp. 286-288; 16 Cyc., p. 34; Dobyns v. McGovern, 15 Mo. 662; Clark v. Henry, 9 Mo. 339; 2 Pomeroy's Equity Juris., par. 243.

*H. T. Harrison* and *Howard Gray* for respondent.

(1) It has always been the rule in this State that one seeking aid in a court of equity must first exhaust his remedies at law. Woolfolk v. Kemper, 31 Mo. App. 421; Spitz v. Kerfoot, 42 Mo. App. 77; Thias v. Siener, 103 Mo. 314. (2) The petition of the plaintiff shows plainly that he has a full, complete and adequate remedy at law. Straub v. Simpson, 74 Mo. App. 230; Harvesting Co. v. Hill, 104 Mo. App. 544; Babb v. Talcott, 47 Mo. 343; Rankin v. Rankin, 67 Ia. 322. (3) The plaintiff claims an injunction is proper to prevent a multiplicity of suits, and says that after a trial in replevin the defendant might transfer the note and the transferee institutes suit claiming the property under the mortgage, notwithstanding the judgment of the circuit court determining the rights of the parties thereto. It has been said that "two is company and three is a crowd," but this is the first time it has been asserted that two constitute a multitude. The court will not grant injunctions on mere suspicion, and mere apprehension, fear, possibility or contingency, is not sufficient. Caskey v. Edwards, 128 Mo. App. 237; Kerr on Injunction (1 Ed.), pp. 198, 339; 2 Beach on Injunctions, sec. 1301; Hutchison v. Delano, 56 Kan. 346; 2 High on Injunctions (3 Ed.), sec. 886.

ELLISON, J.—Plaintiff seeks by bill in equity to enjoin defendant from selling a lot of mortgaged personal property. Defendant demurred to the bill for the reason that it did not state grounds for equitable relief. The trial court sustained the demurrer and plaintiff refusing to amend, has brought the case here.

The defendant is alleged to be the owner and holder of a mortgage on a lot of personal property in defendant's possession, of the value of fifteen hundred dollars, securing a promissory note for a balance of three hundred dollars. That he threatens to sell the property and has proceeded to advertise it for sale under the terms of the mortgage, and that, unless restrained, he will sell it and pass the title to the purchaser. That a part of said property was a valuable traction engine which defendant had carelessly and recklessly caused to be damaged by building a fire under the boiler when there was no water therein. That great damage was done it, but the amount was unknown to plaintiff.

It is further alleged in the bill that defendant was wholly insolvent and that no judgment could be collected from him and that plaintiff's damages would be irreparable, and that he has no adequate remedy at law.

There is then a prayer that the court will take an accounting between the parties; state the amount of the balance of the note and interest; then ascertain the damage so recklessly done to the engine and "offset it against the amount of principal and interest due on the note," and that if there was a balance due defendant, to ascertain it in order that "plaintiff may pay off and discharge the same," etc., and "for such other orders, judgments and decrees to which plaintiff may be entitled."

The principle argument in support of the judgment in the trial court is that plaintiff had an adequate remedy at law. But the statute is that an injunction may be had for "any legal wrong whatever, whenever in

the opinion of the court an adequate remedy cannot be afforded by an action for damages." [R. S. 1899, sec. 3649.] In this case the allegation is that on account of the insolvency of the defendant no remedy could be had by an action for damages. It is no answer to this to say that plaintiff might adjust his damages by bringing an action of replevin. That would not be within the privilege the statute grants the plaintiff. That privilege is that the injunction may issue whenever an action for damages will not be an adequate remedy; and the ruling is that it must be an action for damages *as such*. In giving construction to the statute the Supreme Court has held that "the action of injunction may be resorted to, notwithstanding there may be an adequate remedy at law for the injury, in all cases where an adequate remedy cannot be afforded by an action for damages as such." [Towne v. Bowers, 81 Mo. 496; Jones v. Williams, 139 Mo. 37.]

The judgment is reversed and the cause remanded for answer and trial. All concur.