SCHOOL DISTRICT NO. 61, Appellant, v. F. L. McFARLAND et al., Respondents.

Springfield Court of Appeals, February 6, 1911.

1. SCHOOLS: Changing Boundaries: Attaching Portion of Village to Country District: Elections. Section 9875, Revised ·Statutes 1899, provides that a country school district or a part thereof adjacent to a village school district may be attached to the later, and section 9742 provides for an election to determine whether such change shall be made, but no provision is made for the attachment of a portion of a village school district to the territory of a country school district, so an election held under the latter section for the purpose of detaching a portion of a village district and attaching it to a country district is invalid. Whether the change in the revision of 1909 would necessitate a different conclusion is not decided.

2. ———: ———: ———: Statutory Construction. Section 9742, Revised Statutes 1899, providing for the formation of new school districts and for changing the boundary line of two or more districts, appears in the article concerning country school districts, and in framing the statute the Legislature will be held to have had in mind country districts only, and this section cannot be construed as embracing village school districts.

3. STATUTORY CONSTRUCTION: Words Limited to Subject-matter. It is a canon of interpretation that all words, if they be general and not expressed and precise, must be understood as used with reference to the subject-matter in the minds of the Legislature and strictly limited to it.

4. INJUNCTION: Schools: Determining Validity in Change of District Boundaries. Injunction is the proper remedy for determining the validity of the proceedings in detaching a portion of a village school district and attaching it to a country school district.

School District v. McFarland.

5. ————: Adequate Remedy at Law: Where Action for Damages is Adequate. The action for injunction may be resorted to notwithstanding there may be an adequate remedy at law for the injury, in the cases where an adequate remedy cannot be afforded by an action for damages as such.

Appeal from Jefferson Circuit Court.—*Hon. Joseph J. Williams,* Judge.

REVERSED AND REMANDED (*with directions*).

*Hensley & Revelle* and *Clyde Williams* for appellants.

(1) The attempted change of boundary lines is void for the reason that a common school district cannot detach territory from a village school district. R. S. 1899, secs. 9742 and 9875, R. S. 1899, art. 1, ch. 154, art. 2, ch. 154; State ex rel. v. Fry, 186 Mo. 198; State ex rel. v. Marshall, 48 Mo. App. 560. (2) Injunction is the proper remedy in this case. R. S. 1899, sec. 3649; Winkler v. Halstead, 36 Mo. App. 25; Schubach v. McDonald, 179 Mo. 194; Railroad v. Apperson, 97 Mo. 300; Williams v. Harrison, 135 Mo. App. 152; Perryman v. Bethune, 89 Mo. 158; School District v. Wallace, 75 Mo. App. 317; School District v. Turner, 13 Okla. 71; 122 Cyc. 883 and 873; School District v. Smith, 90 Mo. App. 215.

*Jerry B. Burks* for respondents.

(1) Appellant had an adequate remedy at law, injunction was therefore not the proper procedure. Quo warranto was the proper procedure. State ex rel. v. McClain, 187 Mo. 409; State ex rel. v. Fleming, 147 Mo. 1; State ex rel. v. Huff, 105 Mo. App. 354; State ex rel. v. Road Co., 187 Mo. 439; School District v. Pace, 113 Mo. App. 134; Kuhn v. Port Townsend, 29 L. R. A. 445; Hornbrook v. Elmgrove, 28 L. R. A. 416. (2) Ap-

pellant also had a remedy by mandamus. State ex rel. v. Patten, 108 Mo. App. 26; State ex rel. v. Lockett, 54 Mo. App. 202. Also by prohibition if it had acted promptly. School District v. Burris, 84 Mo. App. 654. Certiorari would lie. State ex rel. v. Andrae, 216 Mo. 617. (3) The finding of the commissioner was final and had the force and effect of a judgment. If void for want of authority of law, as contended for by appellant, injunction was not the remedy. Railroad v. Lowder, 138 Mo. 533. (4) Appellant having participated in the election, as shown on the face of its pleadings, ought not now be heard to complain. State ex rel. v. Young, 84 Mo. 95. (5) Appellant district was not a village district. But in any event section 9742 was applicable to village school districts.

STATEMENT.—This is an appeal from an order dissolving a temporary injunction which had been issued on June 10, 1907, upon the application of appellants as members of the board of directors of school district No. 61, alleged to be a village school district, organized under the provisions of article 2, chapter 154, Revised Statutes 1899.

The respondents, J. E. Blankenship, George W. Howell and Charles D. Carr constituted the board of directors of school district No. 7, a common school district, organized under the provisions of article 1, chapter 154, Revised Statutes 1899, and respondent F. L. McFarland was the clerk of school district No. 7, and respondent J. A. Lawrence was clerk of the county court of St. Francois county (in which county this case originated, it having reached Jefferson county by change of venue).

The petition alleges that at the annual school meeting and election held on the first Tuesday in April, 1907, an attempt was made to detach a portion of the territory belonging to school district No. 61, which territory contained about 200 children of school age, and

which territory yielded school district No. 61 about $1000 annually in school taxes. That at said meeting and election a majority of the voters in district No. 61 voted against the proposition, and a majority of the voters in district No. 7 voted in favor of the proposition. That thereupon an appeal was taken to the commissioner, who appointed a board of arbitration, and a decision was rendered in favor of district No. 7, and in favor of the proposed change. The petition recites that J. A. Lawrence, the clerk of the county court of St. Francois county, is about to recognize as correct an enumeration list containing the names of school children in the portion of district No. 61 which was attempted to be detached; that the board of directors of school district No. 7 is about to make and file an estimate for the purpose of school taxation and are threatening to fix the rate of taxation on the theory that the territory attempted to be attached is a part of school district No. 7; that said J. A. Lawrence is threatening and is about to recognize said estimate upon the books and records of his office, and is threatening to extend the school taxes of said school district No. 7 according to the threatened estimates so as to make the school taxes, so extended, when collected, payable to school district No. 7, on the territory which was attempted to be detached and which plaintiff avers is and was part of plaintiff district; that unless relief is granted the said school children will be enumerated in district No. 7 where they do not belong and that property belonging to village school district No. 61 will be wrongfully taken from it, the rate of taxation in said district will be greatly increased and the district will be greatly injured and deprived of revenue which rightly belongs to it; that there is no authority of law for school district No. 7, it being a common school district organized and existing under article 1, chapter 154, Revised Statutes 1899, to detach property from village school district No. 61, it being a village school district organized

and existing under article 2, chapter 154, Revised Stat-
utes 1899; that plaintiff has no adequate remedy at
law and unless relief is granted irreparable injury will
be done plaintiff. The prayer of the petition is that
defendants be enjoined from changing the boundary
lines of plaintiff district by detaching said territory
from said district and attaching it to school district
No. 7; that they be enjoined from enumerating the chil-
dren of school age residing on said territory as school
children of district No. 7; that they be enjoined from
striking from the enumeration list of plaintiff district
the name of any person residing in said territory; that
J. A. Lawrence be enjoined from extending on the tax
books of the county, taxes levied on property within
said territory attempted to be detached so that said
taxes will be collected for district No. 7, instead of
plaintiff district; that defendants be enjoined from in
any manner recognizing the above described territory
as part of school district No. 7, and that they be required
to treat as null and void the decision of the board of
arbitrators and the county school commissioner; and
for such other and further relief as to the court may
seem just and proper.

After hearing the evidence, the court, on April 24,
1908, rendered its judgment dissolving the temporary
injunction.

The evidence tends to show that school district No.
61 was organized under article 2, chapter 154, Revised
Statutes 1899, in 1901, and embraced the incorporated
town of Flat River, and was recognized as a village
school district. The other material allegations of fact
in the petition are sustained by the evidence. It was
shown that after receiving notice of the decision of the
commissioner's board, the county clerk received and
filed an enumeration list made by order of the school
board of district No. 7, which showed 444 school chil-
dren in district No. 7, as it originally stood, and 215
school children in the newly acquired portion. The evi-

dence shows that the county clerk at the time of the service of the temporary injunction was about to extend the taxes on the tax books in accordance with the decision of the commissioner's board.

NIXON, P. J.—Only two questions are made on this appeal and they will be considered in their order. Appellants earnestly insist that the election was a nullity, for the reason that a common school district cannot detach a portion of a village school district, there being no statute conferring such right.

The organization of school districts in this state is provided for by chapter 154, R. S. 1899. *Article One,* of that chapter, in which section 9742 is contained, in addition to some general provisions, provides for the organization of subdistricts, or what is generally known as country school districts. *Article Two,* for the organization of city, town and village school districts. *Article Three,* for the organization of school districts in cities of more than 50,000 and less than 300,000 inhabitants. *Article Four,* for the organization of school districts in cities of 300,000 inhabitants or over.

Section 9875, Revised Statutes 1899, provides that a country school district or part thereof adjacent to a village school district may be attached to the latter. No provision is made in this article for the attachment of a portion of a village school district to the territory of a country school district. Indeed, the election in question was held under section 9742, Revised Statutes 1899, which appears in Article One, concerning country school districts. Under the rules of statutory construction, this section was wholly inapplicable and the election in question could not have been lawfully held under its provisions.

The reasoning in the case of State ex rel. v. Fry, 186 Mo. 198, 85 S. W. 328, is applicable here. In that case there was a village school district consisting of territory partly in Newton county and partly in McDon-

ald county, and it was attempted, under section 9747, Revised Statutes 1899, to create a country school district out of the territory on the Newton county side of the line. It was contended that the general words, "any school district," as used in section 9747 embraced a village school district as well as a country school district. The Supreme Court held that this contention could not be maintained, saying: "It is a canon of interpretation that 'all words, if they be general and not express and precise, are to be restricted to the fitness of the matter. They are to be construed as particular if the intention be particular; that is, they must be understood as used in reference to the subject-matter in the mind of the Legislature, and strictly limited to it.' (Endlich, Int. of Stat., sec. 86.) It is indispensable to a correct understanding of a statute to inquire what is the subject of it. (2 Lewis' Suth. on Stat. Con. (2 Ed.), sec. 347)." . . . "The subject of section 9747 of article 1 and of the sections preceding it is distinctly stated in section 9739, the first section of that article, to be 'all subdistricts, as organized and bounded,' i. e., country school districts, and under the canon of construction aforesaid, the words 'any school district' in section 9747 must be limited to country school districts, whose organization was alone provided for in article 1, and not to village school districts whose organization was provided for in article 2, unless it appears by other legislation that such was not the legislative intent."

So, in this case, section 9742 appears in the article concerning country school districts providing for the formation of "a new district, to be composed of two or more districts, or parts of two or more districts, or to divide one district to form two new districts from the same territory therein, or to change the boundary lines of two or more districts." In framing this statute, "the subject-matter in the mind of the Legislature" was *common school districts.*

154 App—27

I.  We have confined our discussion to the law as it appears in the Revised Statutes of 1899 and have not attempted a construction of the enactmentt of the Legislature in 1909 in which it completely rearranged chapter 154 as it appears in the revision of 1899.  By the Act of 1909, article 1 of chapter 106, Revised Statutes 1909, classifies public schools, article 2 contains laws "applicable to all classes of schools," article 3, "laws applicable to common schools," article 4, "laws applicable to city, town and consolidated schools," etc.  It will be seen that this arrangement is entirely different from that of the revision of 1899.  We have held that section 9742, Revised Statutes. 1899, is inapplicable to the issue presented in this case because it appears in the article concerning country school districts.  Now in the revision of 1909, section 10837, which appears among the "laws applicable to common schools," though differently worded, is designed to take the place of section 9742 of the revision of 1899.  The Legislature enacted in 1909 an entirely new section which appears as section 10881, Revised Statutes 1909, in the article denominated "Laws applicable to city, town and consolidated schools."  It enacts that all provisions of section 10837, relating to change of boundary lines of common school districts shall apply to town, city and consolidated districts.  Whether this change in the law, if applied to a case like the present, would necessitate a different conclusion than the one we have reached, it is unnecessary to say.

II.  The judgment of the trial court does not show why the injunction was dissolved.  In appellants' brief it is stated that the injunction was dissolved because the court believed that appellants had an adequate remedy at law by an action in quo warranto, and that injunction was not the proper remedy.  In considering whether injunctive relief can be granted under the facts in this record it must be borne in mind that the legality of the village school district—No. 61—and the legal-

ity of the common school district—No. 7—is not as-
sailed, but conceded under the pleadings, and the only
issue raised by the pleadings is as to the validity of the
proceedings detaching a portion of the village school
district and attaching it to the country school district.

Our statute, section 3649, Revised Statutes 1899,
provides that a remedy by injunction exists to prevent
the doing of "any legal wrong whatever, whenever in the
opinion of the court an adequate remedy cannot be af-
forded by an action for damages." This section is
merely the affirmance by the Legislature of a pre-exist-
ing rule of equity jurisprudence. [Williams v. Harri-
son, 135 Mo. App. 152, 115 S. W. 1056.] In construing
this statute, our Supreme Court has said that "the ac-
tion for injunction may be resorted to, notwithstanding
there may be an adequate remedy at law for the injury,
in the cases where an adequate remedy cannot be af-
forded by an action for damages as such." [Towne v.
Bowers, 81 Mo. 496; Jones v. Williams, 139 Mo. 37, 39
S. W. 486, 40 S. W. 353.]

This question has been decided in the case of School
District Number Four v. Smith, 90 Mo. App. 215, where
an attempt had been made by one school district to de-
tach a part of the territory belonging to an adjacent
school district. It was held that an action for an in-
junction was proper, the court saying: "One of the
grounds of the demurrer is that injunction is not the
proper remedy to prevent the wrongs complained of. The
last clause of section 3649, Revised Statutes 1899, pro-
vides that the remedy by injunction shall exist 'to pre-
vent the doing of any legal wrong whatever, whenever
in the opinion of the court an adequate remedy cannot
be afforded by an action for damages.' Should the
wrongs complained of be consummated it would be a
continuing one and the children of school age in the
disputed territory would be enumerated in a district
in which they do not belong and be compelled to attend
the public schools in this district or forego the benefit

of any public school. The taxes in the disputed territory which should go to number four would go to number eight and the burden of taxation on the remaining taxpayers of district number four be thereby proportionately increased; in such circumstances it is evidence that no rules for the measurement of damages can be formulated that would afford district number four adequate relief. [Calvert v. Bates, 44 Mo. App. l. c. 632.] Injunctive relief under somewhat similar circumstances has heretofore been afforded by the courts of this state without question (Perryman v. Bethune, 89 Mo. 158; School District v. Wallace, 75 Mo. App. 317), and we think our statute, which broadens the equity rule, warrants the remedy prayed for by the petition."

It is clear that the proceedings changing the boundary lines of the said school district are illegal and void and that irreparable injury would ensue if the injunction should be dissolved. The judgment will accordingly be reversed and the cause remanded with directions to the trial court to set aside its order dissolving the temporary injunction, and find the issues for the plaintiffs and enter judgment for the plaintiffs making the injunction perpetual. All concur.