The undisputed facts are as follows: Appellant school district filed a petition, under 55 of act 169 of the Acts of 1931, signed by a majority of the qualified electors of the district, requesting that it be dissolved and the territory embraced therein annexed to *Page 371 
appellee school district. In accordance with said 55, the board of directors of appellee school district filed its written consent to the consolidation with the county board of education. Thereafter, and before the county board of education entered its final order, a number of the signers of the petition first mentioned filed a written demand that their names be stricken from the petition. With the names of the patrons stricken off as requested, there remained less than a majority of the qualified electors on the petition first filed.
There was a stipulation in the agreed statement of facts that "no notice was published in any newspaper published in Columbia County, Arkansas, which was filed by the county school superintendent, or otherwise, or by orders of the board of education giving notice as to the time and place that the board of education would hear and determine the petition, or that it was published once a week for two weeks."
The county board refused to entertain the request of the electors that their names be stricken from the petition first filed and entered an order dissolving appellant district and consolidating it with the appellee district as prayed in the first petition. On appeal to the circuit court, that order was upheld, and to review this action comes this appeal.
Section 55, supra, is as follows: "The county board of education may dissolve any school district and annex the territory thereof to any district, when petitioned to do so by a majority of the qualified electors of the district to be dissolved, and the board of directors of the district to which the territory is to be annexed. Provided further, that no district shall be attached to another district without the consent of the board of directors of the district to which the dissolved district is to be annexed."
Section 48 of that act, which the appellant contends is the section regulating the procedure, is as follows: "When a petition is filed for the formation of a new *Page 372 
school district and the dissolution of other districts, or for the annexation of territory to any district, purporting to be signed by a majority of the qualified electors in each district affected, notice thereof shall be given by publication in a newspaper having bona fide circulation in the county, to be given by the county superintendent on order of the county board of education, and published once a week for two weeks, giving the date of the hearing of such petition. At such hearing the county board of education shall consider whether the petition is signed by the requisite number of electors, provided that, for the purpose of determining whether said petition contains a majority of the qualified electors of each district, a majority shall be determined as of the date said petition is considered by said county board of education, and if it finds that it is, it may grant the prayer of the petition if it deems it best for the interests of the inhabitants of the territory affected, provided that any elector signing said petition may have his name stricken from said petition, upon written demand, at any time prior to the final action of said county board upon said petition. Appeals may be taken to the circuit court from the findings of the board on the ground that the requisite number of electors have not signed the petition, or because the notices herein required were not given. The findings of the county board of education otherwise will be conclusive provided this section shall not apply to suits now pending or on appeal from the county board."
It was and is the insistence of the appellee that 55 is entirely independent and in no way connected with the procedure provided by 48. It is a familiar rule of statutory construction that any section of a statute shall be interpreted in the light of the entire act. Act No. 169 was a comprehensive statute enacted for the purpose of providing for a complete system for the organization and administration of the public common schools. Section 55 of that act authorized the county board of education to dissolve any school district and *Page 373 
annex its territory to another district upon petition of the majority of the qualified electors of the district to be dissolved, with the consent of the board of directors of the district to which the dissolved district was to be annexed. Section 48 prescribes the procedure where a new district is sought to be established and a district is to be dissolved, or, where territory is sought to be annexed to any district, notice is required, and the manner in which it is to be given is provided for. Provision is made that any elector signing a petition for the purpose first mentioned in the section may have his name stricken from said petition upon written demand at any time prior to the final action of the board upon said petition. That section also provides "that appeals may be taken to the circuit court from the finding of the county board." It gives the board the discretion to grant or withhold any order petitioned for named in the section, as it deems best for the interest of the inhabitants of the territory affected and prescribes that the question of a majority shall be determined as of the date said petition is considered by the board.
We are of the opinion that, when all of these provisions are considered, it is clear that the power of the county board is fixed by 55 with respect to the dissolution of school districts and the annexation of territory to any other school district, and the procedure is given by 48 preceding. Therefore, the notice provided by the last-named section was a prerequisite, and any petitioner was entitled to have his name stricken from the petition upon written demand made before the final action of the board. Since it appears that with the names deleted from the original petition there would be less than a majority and the notice was not given as required, the action of the board in granting the prayer of the petition first filed was, and is, void, and the trial court erred in not so finding.
The judgment is therefore reversed, and the cause remanded with directions to enter an order in conformity with this opinion. *Page 374