STAR CITY SPECIAL SCHOOL DISTRICT *v.* COMMON SCHOOL DISTRICT No. 9.

4-3785

Opinion delivered January 28, 1935.

*A. J. Johnson,* for appellant.

*E. W. Brockman,* for appellee.

BAKER, J. The Star City Special School District was created by the county board of education, by order dated July 14, 1930. At that time the Special School District then existing was extended to include Common School District No. 7, Common School District No. 8, Common School District No. 9, Common School District No. 13, Common School District No. 15, Common School District No. 16, Common School District No. 21, Common School District No. 23, Common School District No. 45, Common School District No. 46, Common School District No. 47. These were consolidated with the original Star City Special School District.

240

The Star City Special School District, prior to this new organization, owed a considerable sum of money evidenced by interest-bearing bonds, and at the time of the trial of this case the total indebtedness was $44,-178.75. If there was any increased indebtedness, except a possible accumulation of interest, at the time the orders were made by the county court and the circuit court on appeal, in the formation of the Common School District No. 9, that fact is not shown.

Two petitions were circulated for the formation of a new district from part of the territory of the new or enlarged Star City Special School District, it being the purpose of the petitioners, residing in the territory formerly constituting Common School District No. 9, to seek the formation of a common school district embracing that same territory that was originally known as Common School District No. 9. The other petition circulated at the same time was signed by qualified electors in the Star City Special School District outside of the territory originally embraced in District No. 9. Both petitions were signed by a majority of the electors in each of the two designated parts of what was then Star City Special School District. That is to say, a majority of the electors residing in the territory that was formerly Common School District No. 9, and a majority of the electors in the remaining territory then composing Star City Special School District, signed the petitions for the formation of a new district.

When these were filed, an order of the county court was duly made, directing the county examiner to advertise the fact of the filing of the petitions and showing the time a hearing would be had upon them. Common School District No. 9 was formed by order of the county court, and, upon appeal and trial anew in the circuit court, the order of the county court was approved and affirmed.

Three questions or matters have been raised and suggested to us upon the appeal from the circuit court.

The first proposition relates to the adequacy of the notice published in regard to the filing of the petitions and giving notice of the time for the trial thereon.

The second question is with reference to the physical condition in which the formation of Common School District No. 9, out of the territory described in the petition, leaves the original, or mother district, Star City Special School District; the formation of School District No. 9 having left Star City Special School District in two parts not contiguous to each other.

The third matter is the proposition of permitting No. 9 to be organized without assuming any of the debts or obligations owing by the original Star City Special School District upon its bonds, interest payments, or other obligations.

These will be treated in the order stated.

All of the proceedings herein were under the provisions of act 169 of the Acts of 1931. However, the county judge, in lieu of the county board of education, heard the petitions and made the order after the county examiner had given notice, as was formerly required of the county superintendent. These proceedings, by the county judge, and the county examiner, were authorized under act 26 of the Acts of 1933.

The law in regard to notice of the filing of the petitions and fixing the time for hearings thereon, is in § 48 of said act 169 of 1931, and is as follows: "Notice thereof shall be given by publication in a newspaper having *bona fide* circulation in the county, to be given by the county superintendent on order of the county board of education, and published once a week for two weeks, giving the date of the hearing of such petition."

Nothing is said about what this notice shall contain, but some notice is necessary. However, it is to be determined in this case whether the notice, under the facts, conditions, and circumstances, appearing in this record was sufficient. We have said in the case of *Rural Special School District No. 19* v. *Special School District No. 37*, 186 Ark. 373, 53 S. W. (2d) 579, that the notice provided for is a prerequisite. That opinion is not in any respect modified or changed.

In this case however the notice given merely stated that a petition had been filed to form District No. 9, and the time for a hearing before the court was set forth in

the notice. This form of notice cannot be approved, but it did serve the same purpose as if it had been more explicit in the matter of a description of the territory that might be affected by a decision of the court upon the petition.

The only territory that could be affected by the petition for the formation of School District No. 9, as it had formerly existed, was the Star City Special School District and the taxpayers thereof. Although that fact did not appear from the notice, yet the Star City Special School District filed its protest and made defense to the proceeding. It was joined in this defense by A. J. Johnson, as a resident and a taxpayer, and as a taxpayer he was a representative of all the taxpayers in the district. It will therefore be observed that the sufficiency of the notice, in the form made, cannot be questioned with any good reason. It served every purpose that it would, had it been explicit to the minutest detail. *St. L. S. F. R. Co.* v. *State,* 179 Ark. 1128, 20 S. W. (2d) 878.

It is argued, however, that, had the notice been more definite, other taxpayers might have joined in this suit. Though it be conceded that this might be true, yet we cannot conceive how that would have changed the result. All taxpayers were represented by the one of the class, who made himself a party to the proceeding. The interests of the district, and of the taxpayers, were well and forcefully presented as appears from the record before us.

The second question presented to us is the fact that, by the formation of Common School District No. 9, the territory of Star City Special School District is left in two separate and distinct parts, separated from each other by the new district. It is argued that this violates a part of § 44 of act 169, which is as follows: "* * * provided, that said boards may, in their discretion, take a portion of one district and add it to another upon the petition of a majority of the qualified electors residing in such district from which same is taken, leaving the remainder of such district intact as a school district."

The contention of learned counsel for appellants is to the effect that, by the formation of District No. 9, Star City Special School District is not left intact; that it is now composed of two distinct parts not contiguous to each other. If the above quoted provision of the statute relates solely to the physical aspects of the territory comprising the school district, counsel is correct in that contention, but, in construing this provision of the above-mentioned section, we have recourse to the context. In the next and adjacent provision of the same section, we find the answer to this idea. It is as follows: "* * * provided that territory not contiguous may be included in any district and a district or districts not adjoining may be added to or consolidated with another district or districts."

If territory not contiguous may be included in a district, then it was not the intention of the Legislature that in every instance school districts should have absolute compactness or solidarity. The use of the words "intact" and "contiguous" in the same section, indicates clearly the Legislature did not make use of the word "intact" as relating to the physical aspect of the district.

We can conceive of conditions wherein, by reason of natural barriers, territory lying close to or adjacent to good schools should not be annexed or joined thereto as part of the school territory, and yet, on the other hand, another community better favored, by reason of transportation or accessible roads, would be best served by annexation, though located much further away.

The record before us is silent as to any facts in regard to such conditions, and we are bound by the decision of the county court, as affirmed by the circuit court, unless error be affirmatively shown. We must infer that it was the intention of the Legislature in the passage of act 169 to pass a measure that would best serve the school interest of the State.

If the school interests could be best served by the annexation of territory not contiguous, we feel free to say that it was not the legislative intent to say that, once territory was consolidated, a part of it could not be taken out and formed into a new district, though the

result would be to leave one part of the original or parent district not contiguous to the other.

The formation of Common School District No. 9 did not violate that part of the act which requires the "leaving of the remainder of the district intact as a school district." If "leaving intact" had reference merely to the physical aspects of the district, then no territory could ever be taken from a district, because it could not be left whole when a part is taken away. The part taken, as appears from maps presented, is relatively small as compared with the remaining portion.

The county court held that it would be to the best interest for all parties affected to form a new school district. This holding was in accordance with the desires and wishes of a majority of the electors in the territory taken to form School District No. 9, and also in accordance with the desires and wishes of those in the territory from which it was taken.

In this case, at least, we are not in sympathy with the argument that a majority tyranizes over a minority. Taxpayers, who are most interested in schools and in the education of their own children are capable of self-government. They understand and are willing to solve local problems, and are motivated by self-interest in community development. They are not prone to make serious mistakes.

It is unnecessary to cite authorities to justify the above construction placed upon parts of the act discussed. The context warrants no other interpretation. The rules and canons of construction, and authorities, are well known to those having reason for their use.

Section 48 of said act 169, provides: "Appeals may be taken to the circuit court from the findings of the board on the ground that the requisite number of electors have not signed the petition, or because the notices herein required were not given. The findings of the county board of education otherwise will be conclusive, provided this section shall not apply to suits now pending or on appeal from the county board."

The only remaining question submitted relates to debts or obligations that ought to have been assumed

by the new district. This was a matter with which the county court should have been cognizant, and we must presume, since the judgment of the county court has been affirmed by the circuit court, that the order is correct. Particularly is this true when no development of all of the facts, demonstrating an error, was pointed out in the briefs. Unless we were positively certain that some substantial injustice has been done, we do not think it necessary to determine at this time whether that matter could properly be considered on appeal, in contravention of the provisions of § 48 to the effect that the findings of the county board of education, in this case, the county judge, "otherwise will be conclusive, etc."

It follows the judgment should be affirmed. It is so ordered.