SUGAR GROVE SCHOOL DISTRICT No. 19 *v.* BOONEVILLE SPECIAL SCHOOL DISTRICT No. 65.

4-7643                                    187 S. W. 2d 339

Opinion delivered May 14, 1945.

*Charles I. Evans,* for appellant.

*Jeptha A. Evans,* for appellee.

MILLWEE, J. On September 7, 1944, a petition was filed with the County Board of Education of Logan county purportedly signed by 17 qualified electors of Sugar Grove School District No. 19 to dissolve said district and annex it to Booneville District No. 65. On the same date a notice, signed by the chairman of the county board of education, was published in the Booneville Democrat of the filing of the petition and advising that a hearing would be held thereon on September 19, 1944. Additional petitions and affidavits of qualified electors favoring consolidation were filed on the date set for the hearing. On the same day 101 "residents" of the Sugar Grove district filed their petition protesting dissolution of said district and consolidation with the Booneville district.

The record of the action of the county board of education on September 19, 1944, is as follows: "A petition to consolidate Sugar Grove School District No. 19 with Booneville School District No. 65 was presented for the consideration of the county board of education. Mr. R. H. Swint, secretary of the Sugar Grove board, represented those wishing to consolidate. Mr. C. I. Evans represented those opposing consolidation. The petitions were examined, and it was shown that a majority of the legal voters were in favor of consolidating.

The request to consolidate was granted. Mr. Evans filed an appeal to circuit court.''

At a hearing of the appeal in circuit court on September 30, 1944, appellant first challenged the jurisdiction of the court because of the insufficiency of the notice given of the filing of the petition and the hearing to be held on September 19, 1944. The court found that the notice was published on September 7, 1944; that a number of remonstrants and their attorney were present at the hearing before the county board of education on September 19, 1944, and failed to raise the question of the insufficiency of the notice, and that such question could not be raised in the circuit court on appeal. It was then found that 33 of the 65 qualified electors of Sugar Grove School district signed the petition for consolidation and the order of the consolidation made by the county board of education was affirmed.

The consolidation proceedings herein were instituted under §§ 11481 and 11488 of Pope's Digest, as amended by Act 327 of 1941, which act created the office of county supervisor of schools, in the place of the county examiner, and the county board of education for the county court. By § 11481 it is provided that when a petition for consolidation is filed ''notice thereof shall be given by publication in a newspaper having *bona fide* circulation in the county, to be given by the county examiner on order of the county court, and published once a week for two weeks, giving the date of the hearing of such petition.'' The statute as amended further provides that appeals may be taken to the circuit court from the county board of education on the ground that the requisite number of electors have not signed the petition, or because the notices required were not given. The findings of the county board of education otherwise are conclusive.

It is the contention of appellant that publication of the notice for the time and in the manner required by this statute is a prerequisite, and that the county board of education was without jurisdiction to enter the order of consolidation. The record discloses that the notice herein was published once, on September 7, 1944, of the

hearing to be held on September 19, 1944. The statute requires the notice to be "published once a week for two weeks." Here, there was only one publication for a period of less than two weeks. If the failure to give the statutory notice is jurisdictional, appellant's contention must be sustained.

Under prior statutes requiring notice of publication of the filing of the petition and the date of the hearing thereon, this court has held such notice to be jurisdictional. In the case of *Mitchell* v. *Directors School District No. 13,* 153 Ark. 50, 239 S. W. 371, this court said: "It is the contention of counsel for appellants that the action of the county board in transferring the four sections of land from School District No. 6 to School District No. 15 is invalid because the notice required by § 8821 of Crawford & Moses' Digest was not given. That section provides, in substance, that notice of the proposed change shall be given in the form provided by the statute by posting the same thirty days before the convening of the court at which the petition shall be presented.

"In *Lewis* v. *Young,* 116 Ark. 291, 171 S. W. 1197, this court held that the giving notice of change as prescribed by the statute was a prerequisite to the exercise of jurisdiction in the premises by the county court. Other courts have held that similar statutory requirements are jurisdictional, and that a failure to comply with them invalidates the organization of the school district and all taxation resulting therefrom. *Perryman* v. *Bethune,* 89 Mo. 158, 1 S. W. 231; *Noble* v. *White* (Ky.), 77 S. W. 678; *Gentle* v. *Board of School Inspectors,* 73 Mich. 40, 40 N. W. 928; *Fractional School Dist. No. 3, etc.,* v. *Board of Inspectors, etc.,* 63 Mich. 611, 30 N. W. 198; *State* v. *Supervisors of Town of Clifton,* 113 Wis. 107, 88 N. W. 1019."

In the later case of *Acree* v. *Patterson,* 153 Ark. 188, 240 S. W. 33, it was held that since the notice required by § 8821 of Crawford & Moses' Digest, *supra,* was not given, the proceedings creating a new district were void.

Headnote No. 3 of that case reads as follows: ". . . In proceedings under Crawford & Moses' Dig., § 8823, on petition of the electors of certain districts for a change in the boundaries of the districts, the failure of the petitioners to give notice of the proposed change in the manner required by Crawford & Moses' Dig., § 8821, renders the proceedings void; such notice being jurisdictional."

At 56 C. J., § 104, p. 267, it is said: "In some jurisdictions the statutes relating to the dissolution of school districts and other local school organizations require notice to be given of a proposal to dissolve a district or of an intended dissolution. Where so required such notice is jurisdictional, and a district cannot be dissolved unless it has been given or posted as prescribed by the statute." In support of this statement, our own case of *Rural Special School Dist. No. 11* v. *Baker,* 144 Ark. 397, 222 S. W. 732, is cited where this court said: "A compliance with the statute as to the filing of the petition and giving the notice prescribed is essential to the jurisdiction to dissolve. *Hughes* v. *Robuck,* 119 Ark. 592, 179 S. W. 163."

It is contended by appellee that the notice, although not given as required by the statute, served every purpose that it would had it been so published, as was held in the case of *Star City Special School District* v. *Common School District No. 9,* 190 Ark. 238, 78 S. W. 2d 374. That case dealt with the sufficiency of the form of the notice required by the statute, and the court observed that the statute was silent about what the notice should contain. It was also held that, while the form of notice was not approved, it did serve the same purpose as if it had been more explicit in the matter of a description of the territory affected. However, Mr. Justice BAKER, speaking for the court in that case said: "We have said in the case of *Rural Special School District No. 19* v. *Special School District No. 37,* 186 Ark. 370, 53 S. W. 2d 579, that the notice provided for is a prerequisite. That opinion is not in any respect modified or changed."

The county board of education is an administrative agency of special and limited jurisdiction exercising

*quasi*-judicial authority. It is a creature of legislative enactment and can exercise only such powers, and in such manner, as directly conferred by the statute. The language of the statute requiring publication of the notice is plain and mandatory in its terms. Proceedings of this nature are of vital concern to all people residing in the territory affected. Publication of the notice as required by the statute is a prerequisite to jurisdiction of the subject-matter upon which the county board of education was proceeding. The question of such jurisdiction is always open. Jurisdiction of the subject-matter may be raised for the first time on appeal, and it cannot be conferred by consent of the parties. *Price* v. *Madison County Bank,* 90 Ark. 195, 118 S. W. 706; 14 Am. Jur. 385. This being true, the lack of such jurisdiction cannot be waived by any act of the parties.

It follows that appellant did not waive its right to object to the sufficiency of the notice in circuit court by its failure to object thereto at the hearing before the county board of education, and the trial court erred in so holding. The judgment of the circuit court is, therefore, reversed, and the cause remanded with directions to sustain the motion to dismiss for want of jurisdiction.