The Honorable Charlie Cole Chaffin State Senator 12180 Interstate 30 Benton, Arkansas 72015
Dear Senator Chaffin:
This is in response to your request for an opinion on the following question:
 Can the Saline County Board of Education purchase a piece of property and be sole owners?
With regard to your question, I assume that you are referring to the purchase of real property which would be used by the county board of education for purposes related to its official duties. In my opinion, the answer to your question is that while there is an absence of express statutory authority for the purchase of real property by county boards of education (except under those circumstances outlined in A.C.A. 6-12-110), the General Assembly has implicitly conferred such authority pursuant to language employed in recent statutory provisions.
The state statutes pertaining to county boards of education are codified at A.C.A. 6-12-101 to -209 (Repl. 1993). The only provisions therein specifically relating to a county board of education's power to purchase property appear in A.C.A. 6-12-110, which provides the following:
 (a) Each county board of education is authorized on behalf of the school districts of its county to make purchases of property and equipment, including surplus real and personal property from the government. Such action may be taken upon written notice from the district board stating that the district board has voted to permit the county board to act as its agent in making such purchases.
 (b) Each district participating in the purchase shall remit its payments promptly to the county board to cover the cost of the property. [Emphasis added.]
While the foregoing provision authorizes county boards of education to make purchases of property on behalf of school districts within the county when a district has voted to permit such action, I find no statute which specifically gives county boards of education the power to purchase a piece of real property for their own use and for which they will act as the sole owners thereof. In contrast to the absence of express statutory authority for county boards of education to purchase property for their own purposes, there are numerous statutes which specifically provide that school district boards may purchase real estate for use by their districts.[1] Arkansas Code Annotated 6-13-102(a) (Repl. 1993) states that "[e]ach school district in the state shall be a body corporate, may contract and be contracted with, and may sue and be sued in its corporate name. . ." Subparagraph (d) of that statute states that "[a]ll school districts shall have the right to acquire and hold real estate and all other classes of property." School district boards may "[p]urchase buildings or rent schoolhouses and sites therefor. . . ." A.C.A. 6-13-620(3) (Repl. 1993). [Emphasis added.][2] Additionally, all school districts are "authorized to borrow money and issue negotiable bonds for the repayment thereof
from school funds for the building and equipment of school buildings, making additions and repairs thereto, purchasing sites therefor. . . ." A.C.A. 6-20-1201 (Repl. 1993). [Emphasis added.] See also A.C.A. 6-20-402(a)(5), 6-20-802(6),6-20-1202(a) and 6-20-1402(a) (Repl. 1993).
Because the General Assembly has specifically provided that school district boards may purchase and hold real property, as evidenced by the statutes cited above, and as the General Assembly has provided only one specific instance in which county boards of education may purchase property (See A.C.A. 6-12-110, as set forth above), an argument could be made that the purchase of real property and the sole ownership thereof by county boards of education is not statutorily permissible. In this regard, it has been stated that county boards of education are "a creature of legislative enactment and can exercise only such powers, and in such manner, as directly conferred by the statute." Sugar Grove School District No. 19 v. Booneville Special School District No. 65, 208 Ark. 722, 727, 187 S.W.2d 339
(1945). [Emphasis added.] (This statement, however, was made with regard to a statute requiring county boards of education to publish notice of a proposal to dissolve a school district.) It is my opinion, despite this precept, that the General Assembly has conferred on county boards of education the power to purchase real estate for their own purposes due to the language employed in two recent statutory provisions.
Arkansas Code Annotated 6-20-308(c) and 6-12-207(h) (Repl. 1993) both refer to "buildings owned or leased" by county boards of education, and the power to purchase real estate would, in my opinion, be subsumed in this implicit power to purchase buildings. Section 6-20-308 provides, in pertinent part, the following:
 (a) The state shall contribute to the county boards of education each year an amount equal to the state average salary paid classroom teachers in the year preceding the year in which the payments are made.
* * *
 (c) If a county does not employ a supervisor, the county board of education, with approval of the local school boards in the county, may use all or a portion of the funds authorized in this section for the maintenance, construction, or renovation of buildings owned or leased by the county board or may distribute all or a portion to the schools in the county on a per child basis in accordance with the actual average daily membership of the previous year. . . . [Emphasis added.]
(Pursuant to Acts 1993, No. 470, 1, subparagraph (c) of A.C.A. 6-20-308, as set forth above, was rewritten.) Similarly, A.C.A. 6-12-207(h) (Repl. 1993) provides that "[i]f a county board of education does not employ a county supervisor, as authorized by law, the county board may use all or a portion of the funds provided herein for the maintenance, construction, and renovation of buildings owned or leased by the county board of education." [Emphasis added.] Subparagraph (h) was added to A.C.A. 6-12-207 by the General Assembly in 1993. See Acts 1993, No. 470, 2. In my opinion, these recent provisions contemplate that county boards of education have the power to purchase buildings and thus real estate. See also A.C.A. 6-12-105(a) (Repl. 1993) (stating that members of county boards of education shall take an oath which provides, in part, that a member will not be "financially interested, directly or indirectly, in any contract made by the county board of which I am a member, or by any board of school directors of the county.")
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] See however A.C.A. 6-12-102(b) (Repl. 1993) which states that "[i]n counties having only one (1) school district, the board of directors of that district shall act as the county board of education." Thus, under these circumstances, the county board of education would be authorized to purchase and hold real estate since the board is composed of the directors of a school district who do have the authority to take such action pursuant to the statutes cited hereafter.
[2] Arkansas Code Annotated 6-13-620(3) (Repl. 1993) provides that, even though the board of directors of a school district has the power to "[p]urchase buildings or rent schoolhouses and sites therefor . . ." the county board of education shall approve the selection of any school site or the erection of any schoolhouse before the contract for securing the site or for building the schoolhouse is made if the school site is outside of an incorporated town or city that contains two thousand five hundred or more inhabitants.