## HYNER vs. DICKINSON.

1. COUNTY TREASURER'S BOND: *Approval of.*

   When the official bond of the County Treasurer is presented to the County Judge, during the vacation of the Circuit Court, for approval, he should see that the affidavits of the sureties are such as the statute requires; and if the affidavits are insufficient, but it otherwise appears that the bond is sufficient, the Circuit Court should not reject it, but should require affidavits, meeting the requirements of the statute, to be filed.

2. ————: *Sureties. Married woman.*

   A married woman cannot bind herself as surety on an official bond.

3. ————: *Same, non-resident.*

   The court is prohibited by the Constitution from accepting a non-resident of the State as a surety on the official bond of a county officer.

4. ————: *Signing after delivery.*

   The signing of an official bond by additional sureties, after it has been filed, is not warranted by law. Delivery is an essential part in the execution of the bond, and there could be no delivery after its filing.

5. ————: *Objections to.*
Objections were filed to the sufficiency of the County Treasurer's bond, and demurrer thereto sustained, and the bond approved without hearing the objections: Held, the court erred, it should have heard the objections.

APPEAL from *Chicot* Circuit Court.

Hon. THEODORIC F. SORRELLS, Circuit Judge.

Reynolds, for appellant.

Bishop, contra.

HARRISON, J.:

At a special election in Chicot County on the 17th day of March, 1877, John W. Dickinson, was elected County Treasurer, and on the 19th day of April following, he presented to the judge of the County Court, in vacation of the Circuit Court, his bond as such treasurer in the penal sum of $40,000, with M. L. Dickinson, M. W. Lewis, George S. Dickinson, J. H. Mangum and James Cummins, as sureties therein, for approval, which was accepted and approved by the said County Judge ; and the same day filed in the office of the County Clerk.

Ernest Hyner, a citizen and tax-payer of the county, filed in the Circuit Court the following objections to the sufficiency of the bond :

*First*—That the affidavits of the sureties were not such as the statute required.

*Second*—That M. L. Dickinson, one of the sureties, was a married woman, and the wife of John W. Dickinson, the principal in the bond.

*Third*—That M. W. Lewis and George W. Dickinson, two other sureties, were non-residents of the county ; and

*Fourth*—That the amount or penal sum of the bond was not sufficient.

The objections were not sworn to.

The affidavits of the sureties filed with the bond were all in form the same as the following:

"State of Arkansas, }
   Chicot County,    }

I do solemnly affirm, to the best of my knowledge and belief, that I am the owner of property, personal and real, in the said county, over and above that exempted by the Constitution, and above my liabilities, to the value of twenty-five thousand to fifty thousand dollars.                    M. L. DICKINSON.

Subscribed and sworn to before me, this 7th day of April, A. D. 1877.                         W. B. LOFTIN, J. P."

The value of the property owned by each of the sureties, over exemption and liabilities, as shown by the affidavits was as follows: M. L. Dickinson, $25,000 to $50,000; M. W. Lewis from $5000 to $10,000; George S. Dickinson from $5000 to $8000; J. H. Mangum, $3000; James Cummins $1000.

Dickinson filed a general demurrer to the objections. After which eighteen other persons signed the bond, but whether by permission of the court does not appear, and affidavits of some of them were filed. The addition of these signatures to the bond after the same had been approved by the County Judge, and filed, Hyner assigned as another objection.

The court overruled the demurrer, and yet refused to consider the objections, confirming the County Judge's approval of the bond.

Hyner appealed.

The first section of the Act of March 1st, 1875, is as follows: "Section 1. Be it enacted by the General Assembly of the State of Arkansas: That the official bonds of county or township officers, shall be approved by the Circuit Court; Provided, however, that the judge of the Circuit Court, or the judge of the county in vacation, subject to confirmation or rejection by the Cir-

cuit Court, may approve the bonds of such officers in vacation, upon the securities in such bonds subscribing to an oath that they are worth the amount of the bond in property, in the county where such officer resides, subject to execution over and above all their debts, liabilities and exemption under the existing laws, stating therein the amount of real estate and value, and the amount of personal property and its value; and provided further, that if there should be more than one security, if the aggregate value of their property should be over and above the aggregate of their debts, liabilities and exemptions, and the amount of the bond required by law, the bond may be approved, and if the Circuit Court should confirm the approval of the bond, the bond and affidavits shall be filed and recorded in the recorder's office in a book provided for that purpose ; but if the court shall refuse to confirm the approval of the bond, it shall order a good and sufficient bond to be given fifteen days from its rejection ; and if a new bond is not given in that time, the office shall be deemed vacant and shall be filled in the manner now provided by law."

It will thus be seen that the amount and value of the real estate and of the personal property, each, owned by the surety, are required to be stated in his affidavit, and that in this particular the affidavits in the case were defective. The County Judge should have seen, before approving the bond, that they were such as the statute requires, yet if it were otherwise satisfactorily shown that the bond was sufficient, it should not be rejected, but the court should require affidavits meeting the requirements of the statute to be filed, and be recorded with the bond.

The common law incapacity of a married woman to contract, has been so far removed by sec. 7, of art. ix., of the Constitution, that she " may devise, bequeath and convey " her property, both real and personal, which is declared to be, so long as she may

·choose, her separate property; and before the adoption of the Constitution, the Act of April 28th, 1873, had empowered her to "bargain, sell, assign and transfer her separate personal property, and carry on any trade or business, and perform any labor or services on her sole and separate account." Except as thus ·enabled, her incapacity to bind herself by a valid contract, is the same as at common law.

Her power to charge her property in equity can, of course, have no relevancy to the question before us, as a court of equity never undertakes to enforce a penalty; and it only extends to such contracts as are in respect to the property, or for her personal benefit, as we held in *Stillwell and wife* v. *Adams et al.*, 29 Ark., 346.

It is an express provision of the Constitution, sec. 21, art. xix., that "the sureties upon the official bonds of all county officers shall reside within the counties where such officers reside."

Whether M. W. Lewis and George W. Dickinson would, notwithstanding they did not reside in the county, be liable on the bond, is not a question for our consideration. The court was by the plain language of the Constitution, prohibited from accepting them as sureties.

The signing of the bond by others, after it had been filed, was unwarranted by law, and should not have been allowed. If it did not have the effect to make void the bond as to the sureties who had before signed it, as to which we need express no opinion, it certainly did not improve or strengthen it. Delivery is an essential part in the execution of a deed; as much so as signing, and when they signed the bond, it had already been delivered, and there was in fact no delivery by them.

The statute says: "If the objections be sworn to, the burden of proof shall be on the officer to show that the securities in the bond are sufficient."

The objections were not sworn to ; but the demurrer admitted the truth of them. It is thus admitted, that M. L. Dickinson was a married woman and the wife of the principal in the bond ; that M. W. Lewis and George W. Dickinson did not reside in the county; and that the penalty of the bond was not sufficient.

It also appears, that the value of the property of the other sureties Mangum and Cummins, is only $4000, and except Mrs. M. L. Dickinson, whose obligation was unquestionably void, that of all of them did not exceed $22,000.

Notwithstanding the court overruled the demurrer, it approved the bond without hearing the objections, and in so approving the bond without hearing the objections, there was error.

The judgment is therefore reversed, and the cause remanded, that there may be a trial upon the objections.