## McCarthy *v.* Peoples Savings Bank.
### Opinion delivered May 5, 1913.

1. HUSBAND AND WIFE—NOTE EXECUTED BY WIFE—CONTRACT OF WIFE.— Where a married woman signed a note with her husband to enable him to borrow money to meet the pay roll of his business, the wife is not bound, because a married woman can not bind herself by a contract not made for her personal benefit, or that of her separate property, nor can a married woman make a valid contract of suretyship for a third person. (Page 152.)

2. HUSBAND AND WIFE—CONTRACT OF WIFE—LIABILITY.—Where an action against a husband and wife on a note, not binding on the wife, and another action against the husband and a third party, were settled by the execution of a new note executed by the husband and wife for the amount of both the old notes, the new note will not be held to be binding on the wife, being merely a note substituted for the old notes, and the same failure of consideration attaches to the new note as to the old. (Page 153.)

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; reversed.

*James A. Comer,* for appellant.

A married woman's note given as security for the debt of another does not bind her, and can not be enforced against her property. 64 Ark. 385.

The promissory note of a married woman not given for her personal benefit or that of her separate property is void. 35 Ark. 365; 58 Ark. 486. See also 66 Ark. 117; 32 Ark. 776.

*Bradshaw, Rhoton & Helm,* for appellee.

The real question presented is whether or not a suit against a married woman and the taking up of a former

note signed by a married woman is sufficient consideration to bind her on a note signed by her, even though the note is signed by her husband also. A compromise of litigation is a good consideration for an express promise. 29 Ark. 131; 31 Ark. 222; 23 Ark. 557. Compromise of a disputed claim, however baseless, is a good consideration. 43 Ark. 177.

Hart, J. This is an action by the Peoples Savings Bank upon a promissory note signed by P. H. McCarthy and Mary H. McCarthy, who are husband and wife. There was a trial before a jury and a verdict in favor of the plaintiff. From the judgment rendered the defendant, Mary H. McCarthy, has duly prosecuted an appeal to this court.

The circumstances under which the note was given are as follows: The husband, who ran a rock crusher, needed money with which to meet his weekly pay roll. He borrowed money from the bank for this purpose and executed a note for $75, signed by himself and his wife. Subsequently he executed two other notes to the bank for the same purpose for $150 each, signed by himself and E. G. Hale. When these notes became due the bank brought separate suits on them. One suit was brought against P. H. McCarthy and E. G. Hale on the two notes executed by them and a separate suit was brought against McCarthy and his wife on the $75 note executed by them. It was agreed between the parties that both suits should be dismissed upon a new note for the amount of all three of the notes and the costs of both suits being executed by McCarthy and his wife. Thereupon, they executed a new note as agreed upon and the present suit was instituted on that note.

The undisputed evidence shows that the original notes and the note in suit were given for the debt of the husband and were not given for the benefit of the wife or for her separate estate. The suit on the original note against the defendant, Mary H. McCarthy, was founded on an obligation which, as to her, the law holds to be void for the reason that being a married woman she

could not bind herself by a contract not made for "her personal benefit or that of her separate property." *Richardson* v. *Matthews,* 58 Ark. 484.

It is equally well settled that at common law a married woman can make no valid contract of suretyship for a third person. *Hyner* v. *Dickinson,* 32 Ark. 776. See also 21 Cyc. 1321.

Counsel for appellee seek to uphold the judgment on the theory that the note sued on was executed as a compromise of litigation, but we do not think that the execution of the note was in compromise of litigation. As we have already stated, there were two separate suits, one against McCarthy and Hale on notes to the amount of $300, and the other against McCarthy and his wife for $75. Both these suits were dismissed upon the agreement that McCarthy and his wife should execute a new note for the amount of all the notes sued on and the costs of both suits. This was not a compromise of litigation; it was merely a renewal of the notes and an extension of time of payment after the notes had become due. That is to say, the note in suit was given in substitution of the notes signed by McCarthy and Hale and by McCarthy and his wife. The original notes not being for the personal benefit of Mrs. McCarthy or that of her separate property were without consideration as to her, and the original want or failure of consideration follows and attaches to the note sued on, which was given in exchange or substitution of the original notes. *McDaniel* v. *Grace,* 15 Ark. 465.

There is nothing to indicate that there was anything of benefit to Mrs. Mary H. McCarthy in the transaction, nor does it appear that the bank gave up anything of value as a consideration for the note sued on. It is plain that the note in suit was given as security for a pre-existing debt of the husband, and there was no consideration for it. It was merely a renewal of the original obligation of the husband with the added signature of the wife. The wife obtained nothing and the hus-

band's creditors gave up nothing, and there was no consideration moving from either party to the other.

It follows that the judgment must be reversed, and, it appearing from the record that the case has been fully developed, the cause of action of the plaintiff against the defendant, Mary H. McCarthy, will be dismissed.