LEWIS v. YOUNG.

Opinion delivered December 21, 1914.

SCHOOL DISTRICTS—CHANGE IN DISTRICT—PUBLICATION OF NOTICE.—Where a change is proposed in a school district which affects land in two districts, under Kirby's Digest, § 7540, the notice of the change required by the statute must be given in each of the districts affected by the change, and part of the property in a district in

which the notice has not been posted can not be taken from the district.

Appeal from Columbia Circuit Court; *W. E. Patterson,* Judge; reversed.

*A. D. Pope* and *Stevens & Stevens,* for appellants.

1. Proof without allegations is unavailing. 23 Cyc. 816; 29 Ark. 500; 76 *Id.* 146; 46 *Id.* 96; 41 *Id.* 393.

2. Proper notices were not given as required by law. Kirby's Digest, § 7540; 105 Ark. 49; 104 *Id.* 298; 168 S. W. 1088.

*C. W. McKay,* for appellee.

When every elector in district No. 64 signed the petition, that was sufficient notice. But the court had jurisdiction, notwithstanding no notice was given in District 64. Kirby's Digest, § § 7545, 7544; 54 Ark. 134.

HART, J. Section 7544 of Kirby's Digest provides that the county court shall have the right to form new school districts or change the boundaries thereof upon a petition of the majority of all the electors residing upon the territory of the districts to be divided.

Section 7540 of Kirby's Digest reads as follows: "When a change is proposed in any school district, notice shall be given by the parties proposing the change, by putting up handbills in four or more conspicuous places in each district to be affected, one of said notices to be placed on the public school building in each affected district. All of said notices to be posted thirty days before the convening of the court to which they propose to present their petition; said notices shall give a geographical description of the proposed change."

Under these statutes, appellees, who are electors of school district No. 3 in Columbia county, Arkansas, filed a petition with the county court and gave the notice providing that a new school district would be formed out of school district No. 3 and the boundaries of the new district were described in the petition and notices. After the notices were posted and while appellees were circulating the petition they discovered from the county court

records that a part of the territory included in the description of the proposed new district was in district No. 64, instead of district No. 3. Both of these districts were common school districts. There were fourteen electors living in district No. 64, who believed themselves to be living in district No. 3. For many years they had voted and paid their taxes on personal property in district No. 3. These fourteen persons were white persons and the remaining electors in district No. 64 were negroes. After the mistake was discovered the petition was presented to the electors in school district No. 64 and every one of them signed the petition.

Appellants filed a counter petition remonstrating against the formation of the new district. The county court made an order changing the boundaries of the districts so as to form the new district prayed for in the petition. Upon appeal to the circuit court the judgment of the county court was affirmed. The case is here on appeal.

It is conceded that a majority of the electors in school districts Nos. 3 and 64 signed the petition and also that no notice as prescribed by the statute was posted in district No. 64.

The giving of the notices prescribed by the statute was a prerequisite to the exercise of jurisdiction by the county court, and this is the effect of our decision in the the case of *McCray* v. *Cox*, 105 Ark. 47.

A part of the territory in the new district was in district No. 64 and the action of the county court in dismembering districts No. 3 and No. 64, both common school districts, to form a new district out of a part of the territory of both of these districts, was without validity, because the court acquired no jurisdiction to deal with any part of district No. 64, the notice required by the statute not having been given. This principle of law is recognized by counsel for appellee but they contend that it is not applicable under the facts in the present case because all of the electors residing in district No. 64

signed the petition and to have given notice would, they say, have been a useless thing.

But it may be that property owners within district No. 64 did not reside within the district, and, therefore, did not sign the petition. They were interested in the question as to whether or not a school district in which their property was situated should be dismembered, and for that reason notice should have been given so that, in the event they saw fit to do so, they might have used whatever influence they might have had with their tenants and other electors residing within the district to cause them not to sign the petition.

Therefore it can not be said that giving of the notices required by the statute would have served no useful purpose. The notice required by the statute, not having been posted in district No. 64, the county court had no power to take a part of the territory embraced in that district and transfer it into another district, or to form a new district with it and a part of district No. 3.

The judgment will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.