## GARDNER v. HUGHES.

### Opinion delivered October 28, 1918.

1. EVIDENCE—INSTRUMENT SUED ON—PROOF OF EXECUTION.—Under Kirby's Dig., § 3108, providing that "where a writing, purporting to have been executed by one of the parties is referred to in and filed with a pleading, it may be read as genuine against such party unless he denies its genuineness by affidavit before the trial is begun," the failure of a defendant to file such affidavit did not establish the absolute verity of the note sued on, but rendered it admissible as evidence without proof of its execution.

2. SAME—INSTRUMENT SUED ON—PROOF OF EXECUTION.—Kirby's Dig., § 6128, providing that a copy of a note sued on may be filed with the complaint, should be construed with Kirby's Dig., § 3108, so that where a copy of a note only is filed, and no affidavit is filed denying the genuineness of the note, the original note may be read in evidence as *prima facie* genuine without proof of its execution.

3. PLEADING—INCONSISTENT DEFENSES.—A married woman, sued upon a note, may plead *non est factum* and coverture as defenses.

4. EVIDENCE—ADMISSIBILITY OF UNRECORDED INSTRUMENT.—An unrecorded mortgage is inadmissible in evidence without proof of its execution, under Kirby's Dig., § 756.

5. HUSBAND AND WIFE—CONTRACT—QUESTION FOR JURY.—Where evidence tended to show that a married woman signed a note with her husband and delivered it to him to raise money for her personal benefit, though she testified that the note was executed for her husband's benefit, it was error to direct a verdict for her upon the theory that under the law then in force she could not bind herself as surety for her husband.

Appeal from Benton Circuit Court; *J. S. Maples,* Judge; reversed.

*C. M. Rice,* for appellant.

1. Neither the answer nor cross-bill is verified. Nor was the affidavit required by § 3108, Kirby's Digest, made. The court erred in directing a verdict.

2. The motion to strike out appellee's denial of her signature should have been sustained because she had plead coverture, which was an admission that she signed the note and at the time was a married woman. This defense is inconsistent with the defense of *non est fac-*

*tum.* 43 Pac. 331; 48 L. R. A. 177; 67 Pac. 421; 52 *Id.* 88; 66 S. W. 623; 60 *Id.* 380; 100 Am. Dec. 328.

3. It was error to direct a verdict because (1) the note read was genuine and *prima facie* proof. (2) The appellant said he would not loan E. R. Hughes money and he told him he would get his wife to sign, and when he returned some days afterwards said his wife had signed it. (3) They wanted the money to go and see after her property. (4) The note was not in any one else hands or possession, and the evidence shows that her name was not signed by any one else and that the signature on the mortgage was the same, etc. Where the testimony is not undisputed it is error to take the case from the jury. 110 Ark. 572; 120 *Id.* 43.

4. The court erred in withdrawing from the jury as evidence the mortgage and signature thereto and the certificate of the notary to the acknowledgment.

5. If appellee was a joint maker, if the money was procured for her, then it was for the benefit of her separate estate and it was error to refuse the instructions asked. 62 Ark. 146; 126 *Id.* 246.

*W. N. Ivie,* for appellee.

1. This case is not within Kirby's Digest, § 318. The note was not filed but merely copied in the complaint. 82 Ark. 105; 100 S. W. 884.

2. The pleas were not inconsistent. One is a negative answer and the other an affirmative one. Kirby's Digest, § 6098, subd. 4; 7 Ark. 378; 35 *Id.* 555.

3. The note was not read as genuine. It was not *prima facie* proof. Appellee swore that she did not sign the note; that it was not her signature, and there was no evidence that she signed it.

4. There was no error in withdrawing as evidence the mortgage and signature and certificate of the notary. The mortgage was no part of the pleadings or papers in suit. Appellee positively denied signing the mortgage. The mortgage was not legal evidence. 32 Ark. 337.

5. Appellee had no separate estate and the money was not for her separate use or estate. The money was borrowed for the husband and she was not liable if she had signed it. 169 S. W. 1183; Kirby's Dig., § 5214; 146 S. W. 499; 107 Ark. 462; 108 *Id.* 151; 156 S. W. 1023. The verdict was properly directed on the law and facts.

HUMPHREYS, J. Appellant instituted suit against appellee in the Benton Circuit Court on the following note:
"$500.00.            Cave Springs, Ark., June 23, 1913.

"Six months after date we, or either of us, promise to pay to the order of John Gardner five hundred dollars, for value received, negotiable and payable, without defalcation or discount at the Bank of Cave Springs, Cave Springs, Arkansas, with interest at the rate of eight per cent. per annum from date until paid. The makers and endorsers of this note severally waive presentation for payment, protest and notice of protest and nonpayment and consent that time of payment may be extended without liability thereon.            "E. R. Hughes.
                                          "Pearl Hughes.
"Due December 23, 1913."

Appellee denied that she signed the note or that any amount was due thereon. She pleaded, by way of further defense, that she was the wife of E. R. Hughes on June 23, 1913, and that if her name legally appeared on the note it was as surety for her husband, and not for her personal benefit or that of her separate property.

Appellant filed reply, denying that appellee signed the note as surety for her husband.

The cause was submitted on the pleadings and oral evidence adduced. At the conclusion of the evidence, the court, over the objection and exception of appellant, directed a verdict for appellee, and rendered a judgment in accordance with the directed verdict. From that judgment an appeal has been properly prosecuted to this court.

The note was introduced and read to the jury, and appellant testified that he was the owner of it; that E. R.

Hughes brought it to him with a second mortgage on real estate in Fort Smith to secure it, and told him that he wanted the money to go back east to sell some property for his wife; that he loaned the money to Mrs. Hughes on the statement that she had some property left to her.

Mrs. Hughes testified that she did not sign the note, and that she had no knowledge that the notary public took her acknowledgment to the mortgage.

The mortgage and certificate of acknowledgment were introduced but afterwards excluded by the court. After the mortgage had been introduced and before it was excluded, J. G. McAndrews, banker, testified that the signatures of Pearl Hughes to the note and mortgage were signed by the same person.

It is insisted by appellant that appellee estopped herself from contesting the genuineness of the note by failing to file an affidavit denying the genuineness thereof before the trial. Section 3108 of Kirby's Digest is cited in support of the contention. The section is as follows: "Where a writing purporting to have been executed by one of the parties is referred to in, and filed with, a pleading, it may be read as genuine against such party, unless he denies its genuineness by affidavit before the trial is begun." Appellant is in error in saying that because appellee failed to file an affidavit she was thereafter precluded from testifying that she did not execute the note. The failure to file the affidavit required in section 3108 of Kirby's Digest did not have the effect of establishing the absolute verity of the note, as contended by appellant, but rendered it admissible as evidence without proof of its execution. *St. L., I. M. & S. Ry. Co.* v. *Smith*, 82 Ark. 105.

Appellee insists that the statute has no application in this case, because a copy of the note, instead of the original instrument, was filed with the complaint. In other words, that unless the note itself was filed with the complaint, the failure to file the necessary affidavit would not have the effect of permitting it to be read as *prima facie* genuine without proof of execution. It is not necessary in this State to file the original instrument sued

upon with the complaint. It is permissible to file a copy and retain the original subject to the inspection of the parties defendant and order of the court. Section 6128 of Kirby's Digest is as follows: "If the action, counterclaim or set-off is founded on a note, bond, bill or other writing as evidence of indebtedness, the original, or a copy thereof, must be filed as part of the pleading, if in the power of the party to produce it. If not filed, the reason thereof must be stated in the pleading. If upon an account, a copy thereof must in like manner be filed with the pleading."

Sections 3108 and 6128 of Kirby's Digest are code provisions and should be read and construed together. When a copy only of the instrument is filed with the complaint, an affidavit denying the genuineness of the instrument must be treated as a denial of the genuineness of the original instrument. Of course, it follows from this construction that where a copy only is filed, and no affidavit denying the genuineness of the instrument is filed, the original instrument may be read in evidence as *prima facie* genuine without proof of its execution.

A motion was made by appellant to strike out appellee's evidence denying the execution of the instrument, because she set up coverture as a defense, which, it is said, was an admission that she signed the instrument but was not liable thereon, and that this plea was inconsistent with her plea of *non est factum*. There is no inconsistency between the plea of *non est factum* and coverture in the manner in which it is pleaded in this case. After denying the execution of the note, appellee stated "that at the time it *is alleged* that the note sued on herein was executed she was the wife of E. R. Hughes, who was the principal debtor in the alleged note and that in the event the court finds that this defendant's (appellee's) name legally appeared upon said note that it would only appear as surety for her husband." In appellee's plea of coverture, she never admitted signing the note, so there is not the semblance of a conflict between the two pleas.

It is insisted that the court erred in withdrawing the mortgage from the consideration of the jury. The purpose of introducing the mortgage was to establish the genuineness of the signature of Mrs. Hughes to the note by comparison, on the theory that the certificate of acknowledgment on the mortgage was proof conclusive of the genuineness of her signature therein. Even if this contention were sound, there is no proof that this mortgage was recorded. It is only recorded mortgages that carry *prima facie* verity when introduced in evidence. It is provided by section 756 of Kirby's Digest that: "Every deed or instrument in writing conveying or affecting real estate which shall be acknowledged or proved and certified, as prescribed by this chapter may, together with the certificate of acknowledgment, proof or relinquishment of dower, be recorded by the recorder of the county where such land to be conveyed or affected thereby shall be situate, and when so recorded may be read in evidence without further proof of execution." The execution of the mortgage must be proved unless filed and recorded. *Wilson* v. *Spring,* 38 Ark. 181; *Watson* v. *Billings, Id.* 278; *Dorr* v. *School District No.* 26, 40 Ark. 237; *Apel* v. *Kelsey,* 47 Ark. 413. It was not error to exclude the mortgage.

Lastly, it is contended that the court erred in directing a verdict for appellee under the facts in the case. If the undisputed evidence showed that appellee did not sign the note, it was proper for the court to sustain her plea of *non est factum* by directed verdict. Under the state of pleadings, the note itself is introduced, and her signature is *prima facie* genuine. *St. L., I. M. & S. Ry. Co.* v. *Smith, supra.* Her subsequent denial thereof raised a question of disputed fact, which could only be determined by the jury. But appellee insists that the directed verdict must be upheld because the undisputed proof showed that the money was loaned to E. P. Hughes individually, and not to appellee for her separate benefit or the benefit of her separate property. At the time of the execution of the note, a married woman in this State could not bind

herself individually as surety. She could at that time bind herself only on contracts for her personal benefit or that of her separate property, and the burden was on a party seeking to recover from her on an obligation, to show that the contract was for her personal benefit or that of her separate property. *Sidway* v. *Nichol,* 62 Ark. 146; *Hardin* v. *Jessie,* 103 Ark. 246; *Culberhouse* v. *Hawthorne,* 107 Ark. 462; *McCarthy* v. *People's Savings Bank,* 108 Ark. 151. There is substantial proof in the case tending to show that the money was loaned to appellee on the statement that it was to be used for the purpose of going East to look after her separate property. If her signature was genuine, a question for the jury to determine, then the proof tended to show that appellee armed her husband with a negotiable instrument to raise money for her personal benefit and she would be bound by the statement of her agent, thus authorized to raise money for her, to the effect that money was wanted for her personal benefit. Appellee's denial that the money was borrowed for her personal benefit or that of her separate property raised a question of fact for the jury to determine. The court therefore erred in directing a verdict.

The judgment is reversed and the cause remanded for a new trial.