RURAL SPECIAL SCHOOL DISTRICT No. 11 *v.* BAKER.

Opinion delivered June 14, 1920.

1. SCHOOLS AND SCHOOL DISTRICTS—PETITION FOR DISSOLUTION.—A petition for dissolution of a rural special school district by a majority of the qualified electors at the time of filing of the petition and posting of the notices under Kirby's Digest, §§ 7548, 7549, was sufficient, though a subsequent addition of territory to the district made the petition contain fewer than a majority of the electors subsequent to such annexation, as the filing of the petition and posting of the notices fix the status of the district as to the action to be had upon the petition.

2. SCHOOLS AND SCHOOL DISTRICTS—DISSOLUTION OF DISTRICT.—In proceedings to dissolve a rural special school district, a compliance with Kirby's Digest, § 7548, as to filing of the petition of a majority of the qualified electors and giving the notice prescribed is essential to jurisdiction.

3. SCHOOLS AND SCHOOL DISTRICTS—DISSOLUTION.—In dissolving a school district, the county court should direct that the territory comprising that district be attached in whole or in part to adjoining districts.

Appeal from Union Circuit Court; *C. W. Smith,* Judge; reversed in part.

*W. C. Medley,* for appellant.

The law of this case is settled in 128 Ark. 129, and the court erred in its order of dissolution when it attempted to recreate the common school districts which had been absorbed in Rural District No. 11, because the petition does not contain a majority of the qualified voters of the entire district and because the judgment is contrary to the law as announced in 128 Ark. 129.

*Mahoney & Mahoney,* for appellees.

The petition for dissolution at the time it was circulated and filed and notice given contained a clear ma-

jority of all the qualified electors residing in the district. When so filed and notice given, the status was fixed and all petitions to annex new territory must be held in abeyance until that petition is heard. The date of the filing of the petition and posting notices governs as to the merits of the petition and the addition of new names, if that is done, does not affect the status of the petition. *School Dist.* 85 v. *Tatum,* 139 Ark. 1. Under this decision the judgment is right.

WOOD, J. On May 30, 1919, a petition was filed with the county clerk of Union County, signed by forty persons who alleged therein that they constituted a majority of the qualified electors of Rural Special School District No. 11 (hereafter for convenience called special district). They described the territory constituting the district, which comprised all of common school districts No. 11 and No. 34, and part of common school districts No. 56 and No. 79. They alleged that the children living in certain portions of the district had been done a grave injustice in that the distance of the proposed schoolhouse for the special district was so great that they would not be able to attend school and the district was not able to furnish them transportation. They prayed for an order of the county court dissolving the district and placing the territory back in the common school districts from which the territory constituting the special district was carved when the same was organized.

On July 22, 1919, the county court took up the petition for consideration and found that notice of the intention to file the petition was not posted until May 31, and that by an order of the Union County Court made on June 2, 1919, certain other territory was annexed to the special district, and that all the territory including the territory annexed to the district on the latter date should be considered.

The petitioners thereupon admitted that if the annexed territory were to be construed the petition did not contain a majority of the qualified voters within the spe-

cial district. Whereupon the court entered a judgment refusing the prayer of the petition. The petitioners appealed to the circuit court.

In the circuit court the district answered and denied that the petition for dissolution of the district was signed by a majority of the qualified voters residing therein and alleged that there were more than 80 qualified voters in the district; that the petition contained only 39 names; that six of the petitioners, naming them, had not paid their poll tax and therefore not qualified, and three others, naming them, did not live within the district.

There was testimony before the circuit court to the effect that when the petition asking for the dissolution of the district was filed May 30, 1919, it contained a majority of the qualified electors residing in the district as constituted at that time. That notices were posted, thirty days before the ensuing July term of the county court, in the district as then constituted, of the intention of the petitioners to ask for a dissolution. After the filing of the petition additional territory was annexed to the district. At the time the petition for the dissolution of the district was filed, there was something like 70 qualified voters residing therein. The petition contained the names of 40 men who were qualified electors which constituted a majority of the electors residing in the territory at that time.

It was admitted by the petitioners that they did not have a majority of the qualified electors in the district if the territory annexed by the order of the county court on June 2, 1919, were construed as a part of the district.

The circuit court, among other things, found that the petition to dissolve the district was filed with the county clerk of Union County on May 30, 1919, and that said petition contained the names of the majority of the qualified electors residing in Rural Special School District No. 11, as then established and formed, and that due notice of the filing and pendency of said petition was given as required by law and by the posting of four notices in said school district in public places, one of which was upon

the schoolhouse door used by that district. That on June 2, 1919, while said petition to dissolve said district was pending, a petition was filed before the county court to annex certain additional territory to said district No. 11 as then organized, which petition was by the county court granted on said date enlarging said district and taking in other qualified electors after the petition to dissolve said district No. 11 had been duly filed and notice thereof posted as required by law.

The court further found that the facts alleged in the petition as to the injustice and hardship upon a majority of the qualified electors residing in the district were true. The court thereupon entered a judgment granting the prayer of the petitioners, dissolving the district, and ordered that all territory therein embraced be placed back in the common school districts from which it was taken, and that the funds on hand be apportioned to the several districts as they existed prior to the organization of district No. 11.

This appeal is duly prosecuted from that judgment. The evidence was legally sufficient to sustain the finding of the trial court on the issue as to the necessity for the dissolution of the district.

The other questions for our consideration are: 1. Did the petition for the dissolution of the special district contain a majority of the electors residing in the district in compliance with section 1, act 66 of the Acts of 1905, p. 82; section 7548 of Kirby's Digest?

2. If the petition contained the required majority, did the court upon the dissolution of the special district err in the apportionment of the territory and funds constituting such district?

*First.* The filing of the petition to dissolve, and the posting of the notices, as required by sections 7548-49 of Kirby's Digest, is analogous to the bringing of a suit for the dissolution of the district against any one who may oppose the dissolution. It would be wholly impracticable to ascertain who might be opposed to the dissolution, so the Legislature adopted the method of posting

notices. The filing of the petition and the posting of the notice operates as a sort of *lis pendens,* upon all persons who may be interested in the affairs of the district. The filing of the petition for dissolution and posting the notices fixes the status of the district as to the action to be had upon the petition. No territory can thereafter be annexed to the district that will affect the merits of the petition. There was therefore no error in the ruling of the court that the petition contained a majority of the qualified electors residing in the special district as required by section 7548, Kirby's Digest.

A compliance with the statute as to the filing of the petition and giving the notice prescribed is essential to the jurisdiction to dissolve. *Hughes* v. *Robuck,* 119 Ark. 592-95.

*Second.* The decision of this court in *Curtis* v. *Haynes Special School District H,* 128 Ark. 129, is to the effect that "where all of the territory of a district is taken and annexed to another district, the former goes out of existence, and is no longer a school district." Under this decision when the court entered the judgment dissolving special district No. 11, it should have directed that the territory comprising that district be attached in whole or in part to adjoining districts as required by the statute, following the construction thereof in *Curtis* v. *Haynes Special School District H, supra.*

The judgment dissolving special district No. 11 is affirmed. The judgment apportioning the territory and the funds thereof for the error indicated is reversed and remanded for a new trial of that matter.