ACREE *v.* PATTERSON.

Opinion delivered April 17, 1922.

1. SCHOOLS AND SCHOOL DISTRICTS—REVIEW OF ORDERS OF COUNTY BOARD OF EDUCATION.—While certiorari is the proper remedy for review by the circuit court of orders of the county board of education making changes in the school districts, the remedy thus afforded is merely a review of errors of the board, and not a trial *de novo* upon the merits.

2. SCHOOLS AND SCHOOL DISTRICTS—REVIEW OF ORDERS OF COUNTY BOARD—EVIDENCE.—On certiorari to review on order of the county board of education changing boundaries of school districts, the circuit court is not bound by the record made before the board, but other evidence may be considered to acquaint the court fully with all matters presented to such board.

3. SCHOOLS AND SCHOOL DISTRICTS—NOTICE OF PROPOSED CHANGE.—
   In proceedings under Crawford.& Moses' Dig., § 8823, on petition
   of the electors of certain districts for a change in the boundaries
   of the districts, the failure of the petitioners to give notice
   of the proposed change in the manner required by Crawford &
   Moses' Dig., § 8821, renders the proceedings void; such notice
   being jurisdictional.

4. SCHOOLS AND SCHOOL DISTRICTS—ATTACK ON ORDER CREATING NEW
   DISTRICT—PARTIES.—Directors of school districts affected by an
   order changing their boundaries, being electors, are proper parties
   to a proceeding to test the validity of an order of the county
   board creating a new district out of the former districts.

5. SCHOOLS AND SCHOOL DISTRICTS—CREATION OF NEW DISTRICT—
   PARTIES.—Where certiorari to contest the creation of a new
   school district out of the three old districts was brought in the
   name of the old district and of one director of each district, it will
   be presumed, until the contrary is shown, that the districts were
   parties, and that each of the three named directors joined in the
   petition in their individual capacity.

6. SCHOOLS AND SCHOOL DISTRICTS—CREATION OF NEW DISTRICT—
   PARTIES.—Each of the three old school districts from which a new
   school district was formed was a proper party in interest in a
   proceeding to test the validity of an order of the county board of
   education creating the new district.

7. SCHOOLS AND SCHOOL DISTRICTS—CERTIORARI—PARTIES.—Objection
   that certiorari to test the validity of an order creating a new
   school district was directed against the petitioners for the new
   district, instead of against the county board of education, goes
   to the form and not the substance of the controversy, especially
   where the writ ran to the secretary of the board and commanded
   the production of the records, which was equivalent to making the
   board itself a party.

Appeal from Searcy Circuit Court; *J. M. Shinn,*
Judge; affirmed.

*W. F. Reeves,* for appellant.

Appellee's remedy was by appeal and not certiorari.
25 Ark. 32; 37 Ark. 318; 30 Ark. 435; 35 Ark. 180; 52 Ark.
213.

The petition for the writ of certiorari was not veri-
fied, which rendered it fatally defective. 6 Cyc. 781-783.

The petition did not contain proper parties. They
were not suing as a board but as individuals.

The petition did not contain proper parties defendant. The board of education was a proper party, as well as the directors of District No. 90.

*J. F. Henley,* for appellee.

The 1919 act created no right of appeal and certiorari was the proper remedy. 49 L. R. A. (N. S.) 565; 44 L. R. A. (N. S.) 1211-14.

The proper parties plaintiff and defendant were named in the petition. It was not necessary to allege a representative capacity of the petitioners, or that they would suffer any personal loss. The question is purely of a public nature, and any citizen had the right to bring the case. 44 L. R. A., *supra.* District 90 was not a proper party since it never existed, having been created without the posting of proper notices.

Appellant waived the failure to verify by failing to call specific attention thereto in his demurrer. C. & M. Dig., §§ 1190 and 1246; 88 Ark. 433; 71 Ark. 609.

The board of education had no jurisdiction. 116 Ark. 293.

McCULLOCH, C. J.    This appeal is from a judgment of the circuit court of Searcy County quashing an order of the board of education of that county creating a new school district, designated as No. 90, out of territory formerly embraced in districts Nos. 29, 33 and 81.

Several of the questions raised on the appeal have been settled in the decision of this court in *Mitchell* v. *School District No. 13, ante* p. 50. We decided in that case that the statute creating the county board of education substituted the board for the county court, and only transferred the power to the board without repealing or in anywise affecting the statutory procedure with respect to matters heretofore within the power of the county court.

The statute provides that new school districts may be formed, or changes in boundaries may be made "upon a petition of a majority of all the electors residing upon the territory of the districts to be divided." Crawford & Moses' Digest, § 8823.

The statute further provides that notice of the proposed change shall be given by posting hand-bills in "four or more conspicuous places in each district to be affected, one of said notices to be placed on the public school building in each affected district." Crawford & Moses' Digest, § 8821.

In this instance the petition was filed with the county board of education for the creation of a new district out of territory of the three districts mentioned above. There was a remonstrance filed, but the court granted the order establishing the new district. The district as established, however, embraced a smaller area than that described in the petition.

Appellees, Patterson, Moore and Beck, each of whom was a director of one of the three districts mentioned above, applied to the circuit court for a writ of certiorari to bring before that court for review the proceedings before the county board of education. The writ was granted and on hearing thereof in the circuit court the judgment appealed from was rendered.

The cause was heard upon the pleadings and upon affidavits showing that, according to the evidence adduced before the county commissioners, the notice of the change in the districts was not given in the manner prescribed by statute.

We have already decided, as before stated, that the power to make changes in school districts has been transferred from the county court to the county board of education, and that certiorari is the proper remedy for review by the circuit court of such orders rendered by the board. *Mitchell* v. *School District No. 15, supra.* The remedy thus afforded is merely a review for errors of the board and not for trial *de novo* upon merit. But the circuit court was not bound by the record made before the inferior tribunal, and other evidence *dehors* the record was admissible for the purpose of acquainting the court fully of all the matters presented to the inferior tribunal. *Hall* v. *Bledsoe,* 126 Ark. 125.

It is shown that, according to the evidence adduced before the board, the notice was not given as required by statute, and, as the giving of the notice was jurisdictional, the proceedings creating the new district were void. *Lewis* v. *Young,* 116 Ark. 291; *Mitchell* v. *School District No. 13, supra.*

It is unnecessary to determine whether or not appellees are correct in another ground which they set forth for declaring the order of the board to be void.

It is contended, however, that appellees are in no position to attack the validity of the order. Appellees are named as "School Districts Nos. 29, 33 and 81, Dan Patterson, Elisha Moore and Robert Beck," and it is alleged in the petition that Moore is a director in District No. 29, that Patterson is a director in District No. 33, and that Beck is a director in District No. 81.

Conceding that the individuals named, though directors, had no authority to bring their respective districts into the litigation, it is shown that they were directors of the district, which necessarily implied that they were electors, and this gave them such an interest as made them proper parties in litigation to test the validity of the order of the board of education.

It does not appear, however, from the petition that the three districts were represented solely by one director of each. The presumption must be indulged, until the contrary is shown, that the districts were brought in by all three of the directors in each, and that these three individuals also joined in the petition for the writ in their own individual capacity.

Each district affected by the creation of the new district was a proper party in interest in the proceedings to challenge the validity of the order creating the new district out of that territory. In fact, the old districts were, under the statute itself, parties to the proceedings. *School District No. 44* v. *School District No. 10,* 128 Ark. 383.

Again, it is urged that the writ should run against the county board of education, instead of against the pe-

titioners before the board for the creation of the new district.    This merely goes to the form and not to the substance of the controversy, for the real parties to the controversy were before the court, attacking and defending the validity of the order made by the board of education.    The writ, in fact, ran to the secretary of the board and commanded the production of the records, and this was tantamount to making the board itself a party to the proceedings.

We are therefore of the opinion that the defect, if any, was merely one of form and not of substance.

Judgment affirmed.