HEATHCOCK *v.* 'BROOKE.

Opinion delivered June 22, 1925.

1. TRIAL—JURISDICTION—LAW AND EQUITY.—An answer to a suit on a note setting up the defenses of want of consideration and release presents purely legal defenses, which are triable at law and not in equity.

2. CONTINUANCE—ABSENT WITNESS.—Refusal of a continuance for the absence of a witness who would testify that he saw a letter from plaintiff which confirmed defendant's contention, *held,* not error, in the absence of a showing that the letter was lost, since otherwise the letter would be the best evidence.

3. CONTINUANCE—ABSENT WITNESS.—Refusal of continuance for absence of a witness was not an abuse of discretion where his testimony would be merely cumulative, and where there is no showing as to where he was or that there was any probability of obtaining his testimony.

4. BILLS AND NOTES—PROOF OF EXECUTION.—In a suit on a promissory note, where defendant admitted its execution, and two other witnesses testified thereto the proof of execution was sufficient.

5. BILLS AND NOTES—PRESUMPTION AS EXECUTION.—In view of Crawford & Moses' Dig., § 4114, in the absence of an affidavit of the purported maker of a note denying the genuineness of his signature, the note is *prima facie* evidence of its execution.

Appeal from Desha Circuit Court; *T. G. Parham,* Judge; affirmed.

STATEMENT OF FACTS.

On the 27th day of November, 1923, Gunter Brooke sued G. G. Heathcock in the circuit court to recover the sum of $400 with the accrued interest alleged to be due upon a promissory note.

The defendant first filed an answer in which he denied the execution of the note sued on. Subsequently the defendant filed a substituted answer and motion to remove the case to the chancery court.

According to the allegations of his answer, on or about the first day of October, 1919, Gunter Brooke shipped a carload of apples to him under an agreement that they were sound and hand-picked, and Heathcock agreed to pay therefor the price of $1.25 per bushel.

When the car of apples arrived, many of them were rotten and unsalable, and out of the entire car, there were only 175 bushels of marketable apples. Heathcock notified Brooke of the condition of the apples, and he agreed to stand the loss for any bad apples. Brooke admitted that the defendant was not liable for the unmarketable apples; but stated that he wanted to make a showing to his partner, and that in order to carry out this purpose Heathcock gave him his note for $400. Brooke said that he would never present the note for payment, but would cancel it at an early date. As a part of the agreement, Brooke was to ship a carload of young Jersey cows to Heathcock and guaranteed that the latter would make at least $10 on each cow.

It was further agreed that the note in question for $400 should be considered as a balance on the purchase of the cows and should be paid out of the proceeds of the sale. Brooke failed to ship the cows and refused to cancel the note. The answer further alleges that the note is void for want of consideration and was procured by fraud.

The court refused to transfer the case to the chancery court, and it was tried before a jury.

The plaintiff introduced the note sued on. It was dated October 22, 1919, and was due ninety days after date. It was payable to the order of Gunter Brooke for $400 with interest from maturity at the rate of 10 per cent. per annum, payable semi-annually and was signed "G. G. Heathcock."

The defendant was a witness for himself and testified to a state of facts substantially as set forth in his answer. The matters therein set forth may be considered as an abstract of his testimony given at the trial. The facts testified to by him were corroborated by other witnesses. In addition to this it may be stated that Heathcock admitted that he signed the note sued on. The person who wrote the note also testified that Heathcock signed it.

Gunter Brooke was a witness for himself. According to his testimony G. G. Heathcock executed the note sued on in part payment of a car of apples which had been shipped to him. The price of the carload of apples amounted to $708.75. Heathcock paid $308.75 on the purchase price of the apples and gave his note for the balance of the purchase price amounting to $400. This is the note sued on in this case. None of the apples were rotten, and all of them were in a marketable condition when shipped to the defendant by the plaintiffs. Brooke never agreed to ship any cows to Heathcock, and the note sued on was executed solely for the balance of the purchase price of the apples.

Another witness for the plaintiff testified that the apples were in good condition when they arrived at their destination and were received by Heathcock.

The jury returned a verdict for the plaintiff and from the judgment rendered, the defendant has duly prosecuted an appeal to this court.

*Poff & Smith,* for appellant.

*P. S. Seamans,* for appellee.

HART, J., (after stating the facts). At the outset it may be stated that the court did not err in refusing to transfer the case to equity. In *Weaver* v. *Arkansas National Bank,* 73 Ark. 462, it was held that an answer to a suit on a note setting up the defenses of a want of consideration and a release presents purely legal defenses which are triable in law, and not in equity.

It is next insisted that the court erred in overruling the defendant's motion for a continuance. The motion set up that if Perry Jones was present he would testify that about the latter part of October, 1919, he saw a letter from the plaintiff addressed to the defendant in which plaintiff stated that if he could not ship the cows he would cancel the note in question. The motion further recites that if Dillard Lackey was present he would testify that he had heard the conversation between the plaintiff and the defendant as to the pur-

pose in view and heard the former tell the latter that he simply wanted him to execute the note in question to enable him to make a showing to his partner and that he never expected to collect the note.   The plaintiff stated that if the defendant would accomodate him by executing the note he would ship the carload of Jersey cows to him, and that he could make a profit from the sale of them to more than offset the amount of the note.

There was no error in refusing to grant the motion for a continuance.   There is no showing that the letter which Perry Jones would have testified about had been lost, and the letter itself would have been the best evidence as to its contents.

As to the witness Dillard Lackey, there was no showing as to where he was or that there was any probability of obtaining his testimony in the future.   Moreover, his testimony was merely cumulative, and for that reason the court did not abuse its discretion in refusing to grant the motion.   *Texarkana & Ft. Smith Ry. Co.* v. *Adcock,* 149 Ark. 110, and *Finley* v. *Clift,* 164 Ark. 190.

It is next insisted that the court erred in allowing the note sued on to be introduced in evidence without proof of its execution.   A sufficient answer to this contention is that the defendant in his own testimony admitted that he signed the note sued on.   Its execution was also testified to by the plaintiff, and by the person who wrote the note, and who was present when the defendant executed it.

In the second place, the defendant did not file an affidavit denying the genuineness of his signature to the note, and for that reason the note was *prima facie* evidence of its execution.   Crawford & Moses' Dig., § 4114, and *Gardner* v. *Hughes,* 136 Ark. 332.

The respective theories of the parties to this lawsuit were fully and fairly covered by the instructions given to the jury.   We find no reversible error in the record, and the judgment will be affirmed.