WINFREY v. MOSS.

Opinion delivered October 27, 1930.

*Partain & Agee,* for appellant.
*C. M. Wofford,* for appellee.

KIRBY, J., (after stating the facts). Appellant insists for reversal that the court erred in giving certain instructions, especially instruction No. 1, leaving out of the jury's consideration his contention that the note was owned by the Bank of Dyer at the time of its failure, and the estate was therefore entitled to a set-off against it of any amount due from the bank to the maker of the note.

The undisputed testimony shows, however, that the note was purchased and paid for by appellee Moss, and duly transferred by the bank to him by its cashier on the date indorsed on the transfer, and also it was shown, and the jury could well have found from the testimony, virtually undisputed, that W. P. Winfrey made a claim for the amount of his certificate of indebtedness against the Bank of Dyer after its failure and was paid in dividends 53 per cent. of the amount of his claim. The direct testimony also disclosed that the note upon which the claim was based was never transferred to nor listed among the assets of the Farmers' State Bank, successor to the Bank of Dyer. There was no testimony therefore warranting the submission of the question to the jury, and no error was committed in the giving of said instruction No. 1, properly defining the issues. The instructions as a whole submitted the issues fairly to the jury, and its verdict was amply sustained by the evidence.

As already said, the undisputed testimony showed that the note was transferred on the date indorsed thereon for a full consideration paid by him to appellee Moss, and that no payments had ever been made on it by the maker except the one for $200 indorsed thereon. Even if the note had been transferred after it was due, which was not the case, or an unreasonable time after its date as a demand note, it would in no wise have relieved the maker from its payment. See *Moss* v. *Chitwood,* 180 Ark. 600, 22 S. W. (2d) 398.

The note was properly read in evidence, there being no affidavit filed denying the genuineness of the signature

thereto, and was *prima facie* evidence of its execution. Section 4114, C. & M. Digest; *Heathcock* v. *Brooke,* 169 Ark. 73, 272 S. W. 843.

A careful examination of the whole record discloses it free from prejudicial error, and the judgment is affirmed.